528

## AKELMACKER v. KELLY et al.

United States District Court
S. D. New York.
Oct. 29, 1951.

Murray Gordon, New York City, for plaintiff.

Richard P. Donovan, Asst. U. S. Atty., New York City, for defendants.

RYAN, District Judge.

Plaintiff, a veteran and civil service employee, moves for a temporary injunction, restraining the Veterans' Administration from lowering him in grade classification and salary, pursuant to a reduction in force notice as the result of which plaintiff was offered and accepted under protest a position at a reduced grade and salary.

It is plaintiff's contention that the test used by the Veterans' Administration in determining that as between him and another veteran, plaintiff was to be lowered in grade, violates his rights under Sec. 12 of the Veterans' Preference Act of 1944, 5 U.S.C.A. § 861. On his appeal to the Second Regional Office of the Civil Service Commission, the administration's determination was affirmed, and a further appeal by plaintiff to the United States Civil Service Commission is pending.

Plaintiff asserts that there is present here such a clear violation of a statutory right that this court may accord him judicial relief before he has exhausted his administrative remedies. From the undisputed facts this is far from clear. This is a case of a "tie" between two veterans. The action of the Veterans' Administration was taken pursuant to Veterans' Administration Regulations adopted under Sec. 20.8 (b) of the Civil Service Commission Regulations. Section 20.8(b) was promulgated pursuant to the mandate of the Veterans' Preference Act of 1944, which directs that in cases of reduction of personnel "competing employees shall be released in accordance with Civil Service Commission regulations."

Plaintiff argues that either the Administration's regulation for the breaking of ties is an erroneous interpretation of the authority conferred on it by Sec. 20.8(b), or that, if it complies with the section, then the validity of this section is doubtful. It is not clear that there has been a violation of the statute, sufficient to invoke the equity powers of this court. Reeber v. Rossell, D.C., 91 F.Supp. 108; Wettre v. Hague, 1 Cir., 168 F.2d 825. The validity of regulations promulgated under statutory mandate is presumed. U. S. ex rel. Knauff v. Watkins, 2 Cir., 173 F.2d 599. The Commission is best qualified to interpret its own regulation.

It is difficult to see how plaintiff will suffer irreparable harm if injunctive relief be denied him. If he should succeed in his pending appeal and be restored to his former classification, he will be paid the interim difference in salary, Sec. 652 (b) (3), 5 U.S.C.A.; if he should not succeed, he may petition the District Court of the District of Columbia for mandamus restoring him to his former grade and sue for his back wages. The fact that this may constitute multiple and circuitous action does not mean that plaintiff is without adequate remedy.

Motion denied; stay vacated.