237 F.2d 597
 Mrs. Etta CLARK et al., Appellants,
v.
C. H. FLORY, State Forester, C. West Jacobs, State Park
Director, and Donald B. Cooler, Superintendent,
Edisto Beach State Park, Edisto Island,
South Carolina, Appellees.
 No. 7257.
 United States Court of Appeals Fourth Circuit.
 Argued Oct. 15, 1956.
Decided Oct. 16, 1956.
 
 W. Newton Pough, Orangeburg, S.C., and John H. Wrighten, Charleston, S.C., for appellants.
 James S. Verner, Asst. Atty. Gen., of South Carolina (T. C. Callison, Atty. Gen., of South Carolina, on the brief), for appellees.
 Before PARKER, Chief Judge, SOPER, Circuit Judge, and FAHY, Circuit judge.
 PER CURIAM.
 
 
 1
 This is an appeal from an order dismissing as moot a suit for injunction to restrain the enforcement of segregation statutes of the State of South Carolina in the use of Edisto Beach State Park. While the action was pending in the District Court, the state legislature passed a statute providing that the park be closed and remain closed until further action should be taken by the legislature with regard thereto. Motion was thereupon made to dismiss the case as moot and in connection with the motion it was admitted by counsel representing the State of South Carolina that the statutes requiring racial segregation in the state parks were unconstitutional and the District Judge so held.
 
 
 2
 This was in accord with the holding of this court in Department of Conservation & Development, Division of Parks of Commonwealth of Virginia v. Tate, 4 Cir., 231 F.2d 615, 616, certiorari denied Oct. 8, 1956, 352 U.S. 838, 77 S.Ct. 58; Dawson v. Mayor & City Council of Baltimore, 4 Cir., 220 F.2d 386, affirmed 350 U.S. 877, 76 S.Ct. 133. In the case first cited this court said: 'It is perfectly clear under recent decisions that citizens have the right to the use of the public parks of the state without discrimination on the ground of race.' In the light of this statement of the law, as well as of the admissions of counsel for the State of South Carolina and the statement by the District Judge, there was no occasion for the entry of a declaratory judgment with respect to the matter; and, in view of the fact that the park had been closed by act of the legislature, there was no basis for the issuance of an injunction with regard to its use. Under such circumstances, the case had become moot and its dismissal was proper.
 
 
 3
 Affirmed.