Classie Rae WALKER, a minor, by Mrs. Lauretha Walker, her Mother and next friend, James Allen Carter, a Minor, by Mrs. Juanita Carter, his Mother and next friend, Mary Elizabeth Norris, a Minor, by Marshall Leamon, her Step-Father and next friend, Alfred Odell Leamon, a Minor by Mrs. Ozella Leamon, his Mother and next friend, Horace Nash, a Minor, by Mrs. Bethel Nash, his Mother and next friend, Wilbert Harrison Walker, a Minor, by Mrs. Annie Mae Walker, his Mother and next friend, Jimmie Norris Moore, a Minor, by Mrs. Mable Moore his Mother and next friend; for themselves and all other persons similarly situated, Plaintiffs,

v.

Gerald W. SHAW, The City Manager of the City of Greenville, The City of Greenville, a Municipal Corporation, Carl M. Hurst, Director of the Parks and Recreation Department of the City of Greenville, Percy P. Oakes, as Chief of the Police Department, and L. M. Hammond, as Chief of the Detective Division of the Police Department of the City of Greenville, Defendants.

Civ. A. No. 2983.

United States District Court
W. D. South Carolina,
Greenville Division.

Oct. 17, 1962.

---

Donald James Sampson, Greenville, S. C., Matthew Perry, Lincoln C. Jenkins, Jr., Columbia, S. C., Jack Greenberg, Michael Meltsner, New York City, for plaintiffs.

W. H. Arnold, Greenville, S. C., for defendants.

CHARLES CECIL WYCHE, Chief Judge.

The above case first came before me upon motion of the plaintiffs for a preliminary injunction, at the hearing of which it appeared that the City of Greenville operated a skating rink for the Whites and one for the Negroes, and that the plaintiffs, Negro citizens of Greenville, South Carolina, had been denied the use of the skating rink operated by the City of Greenville for White persons.

The answer of the defendants admits that the City maintains the park known as Cleveland Park and located in said park is a skating rink, and alleges that on or about February 18, 1961, the plaintiffs in an effort to stir up strife and trouble and not truly seeking recreation, presented themselves at the skating rink and after being requested to leave the park "as they did not have proper permission", refused to do so and were arrested.

The evidence in the case involves the one incident of denial of the plaintiffs' use of the skating rink operated by the City of Greenville for members of the White race. There was no evidence that the plaintiffs, or any other Negro, was denied or ever had been denied, the use of any other park facility operated by the City of Greenville. However, the evidence shows that the skating rink involved in this controversy was operated by the City of Greenville for the exclusive use of White citizens at the time of the filing of this action, and at the hearing of the motion for preliminary injunction and until the skating rinks were closed and abandoned as hereinafter stated.

I took the motion for preliminary injunction under advisement and requested counsel for the parties to submit written briefs. In due time the attorneys for the parties submitted written briefs and while I had the motion under consideration a motion was filed and served on the plaintiffs by defendants on September 12, 1962, for an order dismissing the above action on the ground that the same has now become moot. Said motion was based on the certificate of the City Clerk and City Treasurer, certifying that the City Council had adopted a motion that the operation of the two skating rinks

in the Greenville City Parks be abolished and that both skating rinks be permanently closed, and upon the affidavit of the City Manager for the City of Greenville, that pursuant to said action of the City Council the two skating rinks had been abandoned and permanently closed.

 It is, of course, now well settled that enforced racial segregation in the public parks of a city is unconstitutional and in violation of the equal protection clause of the Federal Constitution, and that plaintiffs had the right to use both skating rinks on an equal basis with White citizens of the City of Greenville. See, Bohler v. Lane, 204 F.Supp. 168 (D.C.1962), and cases cited therein.

However, it is clear that the defendant City of Greenville was not only entitled, but had the duty, to use every legitimate means to assure public peace and tranquility and also to assure that the skating rinks were used for the purpose for which they were intended, to wit, for recreation and relaxation and not for demonstrations. A city is entitled to preserve the peace and assure a peaceful enjoyment of skating rinks to all races, regardless of which group of citizens, Negro or White, causes disturbances. The plaintiffs' constitutional rights to use and enjoy the skating rinks on an equal basis with White citizens in the community does not encompass a right to cause a disturbance, thereby infringing upon the rights of others to peacefully enjoy and use the said skating rinks.

Consideration of the evidence in the case compels the conclusion that the two skating rinks operated by the City of Greenville, were operated on a racially segregated basis at the time this action was commenced and until the skating rinks were abandoned and permanently closed.

However, in the light of the lack of substantial evidence to indicate the likelihood of recurrence of these past practices with reference to the operation of the skating rinks by the City of Greenville, and in the light of the action of the City Council and the action of the City Manager in abandoning and in closing the skating rinks permanently, and there being no evidence that any other park facility has been denied members of the Negro race, and in the light of my declaration herein that enforced racial segregation in the public parks in a city is unconstitutional and in violation of the equal protection clause of the Federal Constitution, there is no occasion for the entry of a declaratory judgment with respect to the matter and since the skating rinks have been closed by action of the City Council of the City of Greenville, there is no basis for the issuance of an injunction with regard to their use. Under such circumstances the case has become moot and its dismissal is proper. Clark v. Flory, 237 F.2d 597 (C.A. 4, 1956).

It is, therefore, ORDERED, That the motion of the defendants to dismiss be and the same is hereby granted.