**H. Y. HACKETT and Rev. J. D. Rayford, on behalf of themselves and others similarly situated, Plaintiffs,**

v.

**W. S. KINCADE, Mayor of the City of Clarksdale, Mississippi, et al., Defendants.**

No. DC6323.

United States District Court
N. D. Mississippi,
Delta Division.

Dec. 31, 1964.

Jack H. Young, Jackson, Miss., Barbara A. Morris, New York City, for plaintiffs.

Semmes Luckett, William H. Maynard, Tom T. Ross, Clarksdale, Miss., for defendants.

CLAYTON, District Judge.

This case originated as a purported class action under Rule 23(a) (3), Federal Rules of Civil Procedure. Plaintiffs are two Negro residents of Clarksdale, Mississippi, who allege that they bring the action on their own behalf and on behalf of all Negroes in Mississippi who are similarly situated because of race or color. The defendants hold various official positions in the city and Coahoma County governments and are all sued in their official capacities.

Plaintiffs seek a declaratory judgment that certain Mississippi statutes, Mississippi Code Ann.1942 (Recompiled) §§ 2046.5(1), 2056(7), and 4065.3, are violative of the Fourteenth Amendment, and they further seek temporary and permanent injunctions restraining defendants from enforcing those statutes against plaintiffs and the class they represent. Defendants have filed a motion to dismiss on the grounds that plaintiffs are not members of the class on whose behalf the action is brought, and that there is a complete want of equity in plaintiffs to maintain the action. Certain evidentiary materials having been made part of the record which the court did not think proper to exclude, the parties were invited by letter to submit such additional materials as they thought pertinent to the motion taken as one for summary judgment, pursuant to Rules 12(b) and 56, Federal Rules of Civil Procedure. The motion will be so taken, and it is now before the court on briefs of counsel, responses to requests for admissions, depositions, and affidavits.

■■ The tripartite division of class actions created by Rule 23 has resulted in the common use of the terms "true", "hybrid", and "spurious" as labels for the three types. "True" class actions under Rule 23(a) (1) seek to enforce rights which are "joint, or common, or secondary." By way of contrast, "spurious" class actions under Rule 23(a) (3) seek to enforce rights which are "several," and in addition there must be a

common question of law or fact affecting those rights and a common relief must be sought. Plaintiffs, casting their complaint in the terms of Rule 23(a) (3), have made appropriate allegations of those elements which distinguish "spurious" class actions. These distinguishing elements, however, are not alone sufficient to permit maintenance of a class action, and it must also be alleged and shown that those elements which characterize *all* class actions are present. The persons constituting the class must be so numerous that it is impracticable to bring them all before the court, and the named representatives must be such as will fairly insure the adequate representation of all. Plaintiffs have so alleged, but defendants' motion challenges the latter element.

■ While a determination that plaintiffs are members of the class they purport to represent does not determine that representation is adequate, if it appears that plaintiffs are not members of the class, then representation is clearly inadequate. It is fundamental that those who claim to represent the class must themselves be members of the class. Where, as here, membership is challenged, the class must first be defined.

■ The action was brought on plaintiffs' behalf and on behalf of all Negroes in Mississippi similarly situated because of race or color. Mere identity as a Negro resident of Mississippi does not *ipso facto* make one a member of the class, for the class is restricted to those Mississippi Negroes who have suffered injury as a result of the wrongful acts of the defendants of which complaint is made, and who will therefore obtain some benefit from the relief sought. The complaint here is that plaintiffs and their class are racially segregated in the use and enjoyment of public facilities and discriminated against by defendants who, while purporting to act pursuant to the statutes cited above, are preventing plaintiffs and their class from using public parks, playgrounds, swimming pools,

baseball fields, tennis courts and other public recreational facilities of the City of Clarksdale, the Clarksdale Municipal Court Building, the Coahoma County Courthouse and the County Hospital of Coahoma County, Mississippi, solely on the grounds of color and race, depriving plaintiffs and their class of constitutionally guaranteed equal rights. To be a member of the class, plaintiffs must show that, in addition to being Negro residents of Mississippi, they have been discriminated against by the defendants in plaintiffs' use of the named public facilities, solely because of the race and color of the plaintiffs.

If plaintiffs have not suffered such discrimination and are not members of the class, their rights would be unaffected by a judgment that such discrimination against the class was unlawful. They would be mere volunteers, without standing to act on behalf of the class. Taking defendants' motion as one for summary judgment, the court will consider seriatim the allegations as to each public facility and the evidentiary material supplied by the parties to determine whether there is a genuine issue as to the material fact of discrimination against plaintiffs.

■ The depositions of both plaintiffs establish without dispute that neither plaintiff has ever sought and been denied admission to any public park, playground, swimming pool, baseball field, tennis court or other public recreational facility of the City of Clarksdale. They have no standing to act on behalf of the class with regard to these facilities.

■ The same depositions establish that neither plaintiff has ever been subjected to any discrimination on account of race as a patient at the county hospital. Indeed, only plaintiff Rayford has ever sought service there, on an occasion when an X-ray was made, and he stated that he had no objections as to the way it was handled. The affidavit of Reed B. Hogan, hospital administrator, is per-

suasive that there is a commendable absence of racial distinction in hospital affairs. Defendants admit that the hospital has two entrances and that they are used separately by the two races, but they contend that this segregation is wholly voluntary, and that no policy of the hospital requires it. However, plaintiff Hackett stated in his deposition that on one occasion when he attempted to enter the front entrance of the hospital (which defendants admit is customarily used by whites) as a visitor, he was directed by an unnamed individual to go to the side entrance (the one customarily used by Negroes). On this record, therefore, this court cannot say that there is no genuine issue as to the material fact of plaintiff Hackett's membership in the class with regard to its right to enter the hospital without discrimination as to race.

With regard to the municipal and county court buildings, both plaintiffs state in their depositions that on several occasions they personally were directed to take seats on the sides of the courtrooms set aside for Negroes, and that they both observed and heeded signs posted in the county court building which indicated separate rest rooms and separate drinking fountains for the two races. Thus, there is a genuine issue as to the material fact of plaintiffs' membership in the class with regard to discrimination against it in the seating arrangements in the two courtrooms and the requirement of separate drinking fountains and rest room facilities in the county court building.

The motion to dismiss, taken as one for summary judgment, must be sustained to the extent that plaintiffs are not members of the class described in the complaint with regard to so much of this action as relates to alleged discrimination in the various public recreational facilities described in the complaint, and the action cannot be maintained as a class action with regard to these facilities. All other issues must be reserved for trial.

Order will be entered in accordance with this opinion.