**Barbara HOUSE et al., Plaintiffs,**

**v.**

**CITY OF GRENADA, MISSISSIPPI et al., Defendants.**

**No. WC6634.**

United States District Court
N. D. Mississippi, W. D.
Dec. 20, 1966.

Henry M. Aronson, Marian E. Wright, Jackson, Miss., Denison Ray, Jackson, Miss., Jack Greenberg, James M. Nabrit, III, Melvyn Zarr, New York City, for plaintiffs.

Mitchell M. Lundy, Grenada, Miss., W. H. Fedric, Grenada, Miss., for defendants.

## OPINION

CLAYTON, District Judge.

Plaintiffs, who are Negro citizens residing in Grenada, Mississippi, brought this suit as a class action against the City of Grenada, Mississippi, its principal officers, and a civic club of that community, seeking preliminary and permanent injunctions to enjoin defendants from racially segregated operation of a municipally owned swimming pool. The cause was tried to the court on complaint and answer, plaintiffs' motion for a temporary injunction, order to show cause, stipulation of the parties that the hearing would be taken as a hearing on the merits, and evidence adduced at the hearing.[1] There is no material dispute on the facts.

■ 1) After the construction of the swimming pool by the City of Grenada, it was operated by the municipality continuously through the swimming season of 1964. A charge of twenty-five cents was collected by the city from each swimmer using this pool. At least during the last several years of municipal operation, the city lost money. This loss in 1964 was approximately $1,100.00. As the age of the pool increased, maintenance problems multiplied and maintenance expenses increased. The city was also plagued by vandalism such as bottles being broken in the pool itself and windows being knocked out of the buildings. The city decided to discontinue the operation of this pool because of the aforementioned circumstances, and it was not operated or opened in 1965. The record shows affirmatively that this action on the part of the municipality was not in any way a product of racial considerations, although only white people used this facility during its municipal operation. The record does not show that any Negro ever attempted to use this swimming pool during that time.

2) There was public concern about the discontinuance of the operation of this pool, and one of the civic clubs in Grenada negotiated a lease with the city for the operation of this pool by the civic club. The lease rental agreed upon was $500.00 a year, which, as the record shows, was a figure simply "picked out of the air." This club began operations of this pool at the start of the swimming season in 1966. In order to use the pool, a person had to be recommended by two members of this civic club (which was all white); pay a ten dollar fee, and pay one dollar each time the pool was used. Its reopening was advertised by word of mouth only and solicitations for patronage were made only to white people. No Negroes were told about this project. At the time this suit was filed, there were 375 pool members or patrons, and all of these were white people.

3) After this suit was filed, the lease was rescinded by mutual agreement between the City of Grenada and the civic club, and the pool was again closed. The president of the civic club testified that the reasons for termination of this lease were: a) the international offices of the civic club asked the local club to disassociate itself from this operation, b) fear for the safety of the children at the pool if a demonstration occurred there, and, c) increasing maintenance problems with respect to the pool. Glass had been broken in the pool and it was necessary to completely drain the pool to clean it out. He testified that the concern expressed by the international offices of this club with adverse publicity which could result on a national basis from the continued operation of the pool by the civic club on a white only basis had more to do with the decision to terminate the lease and close the pool than any other factor.

■ 4) The City of Grenada has officially expressed its decision not to reopen this pool on any basis at any time in the future. This action was taken on July 26, 1966, in connection with the termination of this lease. The complaint

---

1. Formal answer was not due at the date of the hearing, [Rule 12(a), F.R.Civ.P.] but was filed ten days later. In view of the stipulation that the hearing was a final one, the answer has also been considered.

does not allege and the proof does not show that any of the named plaintiffs ever at any time were denied the use of this swimming pool. The complaint does allege "On 11 July, 1966, several Negro citizens of the United States and the State of Mississippi residing in Grenada were denied admittance to the Grenada Municipal Swimming Pool on the basis of their race." Reading the answer of the City of Grenada and its officers in its most favorable light, it could be said to have the effect of a denial of these averments. Rule 8(b), Federal Rules of Civil Procedure. However, the effect of the answer of the civic club is that it is neither an admission nor a denial of these averments. It simply says that people who applied for admittance who were not members were denied admittance and were advised that no person could swim in the pool who was not a member. Thus, insofar as the civic club is concerned, the averments with respect to 11 July, 1966, are admitted. Rule 8(d), Federal Rules of Civil Procedure. However, in these circumstances, it must be said that this suit cannot properly be maintained as a class action since the named plaintiffs are not shown to be members of the class they seek to represent, i. e., nothing in the record suggests that any of them ever applied to use the pool and were denied that privilege for any reason. It is elementary that the named plaintiffs must be members of the class aggrieved. It requires the citation of no authority to sustain that position. But see, Clark v. Thompson, 313 F.2d 637 (5th Cir. 1963), affirming per curiam Clark v. Thompson, 206 F.Supp. 539 (D.C.Miss.1962); Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962) and Hackett v. Kincade, 36 F.R.D. 442 (D.C.Miss.1964). At most, they are entitled to a declaratory judgment establishing their right to use this swimming pool if it is ever opened for use in the future.

5) Although this court concludes that the mentioned defects should be dispositive of this case as a matter of practical judicial husbandry, it is felt that there should be a statement of this court's views with respect to the propriety of the issuance of a permanent injunction should an appeal be perfected and the Court of Appeals disagree as to the status of this cause as a class action. This will be undertaken.

6) Defendants do not contend that any facility, either owned or operated by the City of Grenada, can be segregated. They concede otherwise and well understand that the Constitution requires that any and all such facilities must be maintained and operated in a completely racially non-discriminatory way. They recognize fully that any action of the municipality is state action within the meaning of the Fourteenth Amendment. Thus, this court finds it to be inconceivable that the City of Grenada, acting through its present governing authorities or any who may succeed these officers in the future, will ever undertake to operate, own, or maintain any facility, recreational or otherwise, on a racially segregated basis. The court affirmatively finds that neither the facts nor the exigencies of the situation shown on the record here are sufficient or urgent enough to require the granting of an injunction. The individual defendants in this case are all outstanding gentlemen of probity and honor. They know now what the law is and what their obligations are. It is this court's opinion that they will obey the law and conform to the views of this court as expressed in this opinion without being coerced so to do by an injunction. The case is now substantially, if not altogether, moot and no controversy now exists. See Clark v. Flory, 237 F.2d 597 (4th Cir. 1956). There is no reasonable expectation that any such controversy will exist in the future. Tyson v. Cazes, 363 F.2d 742 (5th Cir. 1966). The undisputed facts here are quite different from those in City of Montgomery, Ala. v. Gilmore, 277 F.2d 364 (5th Cir. 1960).

7) An order will be entered in accordance with this opinion which will award no costs to plaintiffs or defendants.