Alleyenne B. DAVIS

v.

**SECRETARY, DEPARTMENT OF HEALTH, EDUCATION AND WELFARE**

and

Chairman, U. S. Civil Service Commission

and

Commissioner, Social Security Administration.

Civ. No. 17792.

United States District Court
D. Maryland.

Jan. 6, 1967.

---

4. See Redmon v. United States, 355 F.2d 407 (9th Cir. 1966). See also Freeman v. United States, 116 U.S.App.D.C. 213, 214, 322 F.2d 426 (1963).

James H. Anderson, Jr., Baltimore, Md., for plaintiff.

Thomas J. Kenney, U. S. Atty., and Arthur K. Crocker, Asst. U. S. Atty., for defendants.

FRANK A. KAUFMAN, District Judge.

Alleging that she has been discriminated against in the course of her employment, plaintiff, an employee of the Social Security Administration of the United States Department of Health, Education and Welfare (HEW), has lodged complaints with defendants. Plaintiff seeks to restrain defendants from continuing with certain administrative proceedings which have been commenced in connection with those complaints. Plaintiff alleges that defendants have excluded Negroes from the panel from which the hearing officer was selected. Plaintiff also claims that defendants have failed to appoint a qualified hearing officer, citing 31 Fed.Reg. 3071, § 713.216(b) (2) (1966). In addition, plaintiff attacks the conduct of the hearing by the hearing officer. In her prayers for relief, plaintiff has requested this Court to determine at this time questions relating to her employment status, to the qualifications of the hearing officer, to the composition of the panel from which the hearing officer was chosen, and to the conduct of the administrative hearing. Defendants have moved to dismiss the complaint in this case on the ground that plaintiff has not exhausted her administrative remedies and on other alternative grounds, including, *inter alia,* the defendants' contention that the hearing officer is qualified. Both counsel have submitted memoranda and have presented oral argument.

Plaintiff's substantive complaints are the subject of an administrative hearing before the Social Security Administration under 31 Fed.Reg. 3071, § 713.216 (1966). That hearing commenced on October 31, 1966, and proceeded on that day and six days in early November, 1966. The hearing is presently being held in abeyance until this case is disposed of. The Regulations under which the hearing is conducted provide that when the hearing is concluded the hearing officer "shall transmit the record of the hearing, together with appropriate findings thereon, to the official who will make the final decision on the complaint." 31 Fed.Reg. 3071, § 713.216(e) (2) (1966). It is also provided that "the head of the agency, or his designee, shall make the final decision on a complaint * * *." 31 Fed. Reg. 3071, § 713.219(a) (1966). If that decision fails to "resolve the complaint to

the complainant's satisfaction,' the complainant may appeal therefrom to the Board of Appeals and Review of the United States Civil Service Commission. 31 Fed.Reg. 3072, §§ 713.221(a) (3), 713.222 (1966). The decision of that Board on appeal is final insofar as the administrative procedure is concerned, and there is no further administrative right to appeal. 31 Fed.Reg. 3072, § 713.224 (1966).

■ In view of the fact that the administrative hearing has not yet been concluded and in view of the availability of appeal within the administrative procedural framework, this Court finds that plaintiff has not exhausted her administrative remedies. For that reason the Court holds that the questions raised by plaintiff concerning her employment status, the composition of the hearing officer panel, and the conduct of the hearing are not properly before the Court for decision at this time. The question relating to the qualifications of the hearing officer raises a special problem.

■ The general rule is that courts will decline to interfere with administrative hearings until no further appeal lies within the administrative process. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938). The rule is not, however, one of unvarying application and the courts have not so treated it. See 3 Davis, Administrative Law § 20.02 (1958); Jaffe, Judicial Control of Administrative Action 432–37 (1965). In determining whether or not to apply the rule in any given case the Court should balance the variables of each case. See 3 Davis, Administrative Law § 20.03 (1958). Among the variables to be considered is the extent of injury which might be expected to ensue from pursuit of the administrative remedy. 3 Davis, Administrative Law § 20.03 (1958); see Jaffe, Judicial Control of Administrative Ac-

tion 426–32 (1965). In the instant case, the Court has examined the 625-page transcript of the administrative hearing to the extent it has already been conducted and finds nothing therein, or elsewhere, to indicate that plaintiff will in any way suffer damage from processing her complaint through the normal administrative channels.[1] In S.E.C. v. R. A. Holman & Co., 116 U.S.App.D.C. 279, 323 F.2d 284, 287 (1963), it was claimed that a Commissioner was disqualified from acting in an adjudicatory capacity in an administrative proceeding. The reason assigned was the fact that he had previously been chief of a division with responsibility for processing registration statements, including the registration statement which was the subject of the proceeding. The Court of Appeals for the District of Columbia stated (at p. 287):

> The administrative proceedings cannot be stopped to allow for excursions in the courts with prolonged evidentiary hearings; the time for that in a proper case is when an aggrieved litigant seeks judicial review of agency action having preserved the point of claimed disqualification in the administrative hearing. The party asserting disqualification must make his record in the administrative hearing. * * * To stay the administrative processes while a court was engaged in an extended inquiry into the claimed disqualification of members of the administrative body could lead to a breakdown in the administrative process which has long been criticized for its slow pace.

■ Applying to this case the principles set forth by Professors Davis and Jaffe and by the Court in the *Holman* case, this Court is of the opinion that questions raised by plaintiff concerning her employment status and the allegations concerning the exclusion of Negroes from the panel and the conduct of the

---

1. At the conclusion of the hearing in this Court on December 22, 1966, plaintiff's counsel requested the opportunity to bring to the attention of the Court alleged errors in the stenographic transcript of the administrative hearing. Plaintiff's counsel has advised the Court, by letter dated December 31, 1966, that he does not "feel" that the "correctible errors" which have been discovered are "material."

hearing are not ripe for judicial determination at this time.[2] However, the allegation concerning the qualification of the particular hearing officer under 31 Fed.Reg. 3071, § 713.216(b) (2) (1966) would seem distinguishable from the other allegations contained in the complaint. The latter raise factual issues; the former raises only a single legal question.

In Riss & Co., Inc. v. I.C.C., 86 U.S. App.D.C. 79, 179 F.2d 810 (1950), the Court of Appeals for the District of Columbia held that a party to an administrative hearing was required to exhaust his administrative remedies before challenging the qualifications of the hearing officer in a court proceeding. In Yanish v. Wixon, 81 F.Supp. 499 (N.D.Calif. 1948), rev'd on other grounds sub nom. Yanish v. Barber, 181 F.2d 492 (9th Cir. 1950), the District Court for the Northern District of California held, in a similar case, that the administrative remedies need not be exhausted, stating that "it would seem purposeless, to require petitioners to expend their energies in a hearing before the Immigration Service if at the consummation thereof it appeared to a reviewing court that the jurisdictional premise is absent." (81 F.Supp. at 500.) Professor Jaffe takes the position that an attack on the character of an administrative tribunal which raises a legal issue, such as, in this case, whether the hearing officer is qualified within the meaning of certain federal regulations, should be given special treatment in applying the doctrine of exhaustion of administrative remedies, and has stated his agreement with the holding in the Yanish case. Jaffe, Judicial Control of Administrative Action 441 (1965). However, Professor Jaffe goes on to state (at p. 441) that in his opinion such a ruling should not

> be extended to a claim of disqualification based on personal prejudice or bias at least where such a claim depends on the decision of factual issues. To allow hearings to be held up by a judicial trial of such allegations would open a ready and easily abused route to delay.

■ Under the circumstances this Court holds that the plaintiff is not required to exhaust her administrative remedies before challenging whether Mr. Jouno, the hearing officer, is qualified within the meaning of the applicable regulations. Thus, that question is properly before the Court at this time.

Plaintiff contends that Mr. Jouno, an employee of HEW since December 1959, is not qualified within the meaning of section 713.216(b) (2) of the Civil Service Commission Regulations to conduct hearings in connection with complaints pending before HEW by reason of the fact that he received in-service training from the Civil Service Commission with regard to conducting hearings involving adverse action or discrimination. Plaintiff takes the position that the Regulation in question requires that a hearing officer, such as Mr. Jouno, be trained directly by HEW in order to be properly qualified to conduct such a hearing.

2. Following the conclusion of the hearing on December 22, 1966, plaintiff on December 25, 1966, addressed fifteen interrogatories to defendants under Rule 33 of the Federal Rules of Civil Procedure. No mention that any interrogatories would be filed was made at the hearing or in any memoranda or other written communications to the Court. The interrogatories, filed in this Court on December 27, 1966, and not yet responded to by defendants, seek information relative to many factual issues (including the background and qualifications of the individuals who conducted the training course taken by the hearing officer, the number of complaints of racial discrimination filed within the Social Security Administration within the past five years and the final disposition of such complaints, whether or not defendants have in their control any "electronic snooping devices," the number of Negro hearing officers on past panels, etc.) which pursuant to the holding of the Court in this opinion are not presently before it for decision. Therefore, the interrogatories are moot and need not be answered by defendants within the fifteen day period prescribed by Rule 33, or otherwise, insofar as this proceeding is concerned.

The Civil Service Commission Regulations of which section 713.216(b) (2) is a part were published in the Federal Register on February 24, 1966, in accordance with an Executive Order of the President dated September 24, 1965. This Order provided that the Civil Service Commission was to "supervise and provide leadership and guidance in the conduct of equal employment opportunity programs" for civilian employees within the executive branch of government; that the Commission was to "provide for the prompt, fair, and impartial consideration of all complaints of discrimination in Federal employment"; and that the Commission was to "issue such regulations, orders, and instructions as it deems necessary and appropriate to carry out its responsibilities" in connection with nondiscrimination in government employment. Exec.Order No. 11246, 30 Fed.Reg. 12319, §§ 103, 104, 105 (1965).

 Section 713.216(b) (2) of the Regulations issued by the Civil Service Commission pursuant to the authority vested in it by virtue of the above Order provides in part that

The hearing may be held * * * by * * * (2) a hearing officer who shall be an employee specially selected and trained by the agency to conduct hearings. [31 Fed.Reg. 3071, § 713.-216(b) (2) (1966)].

The Court does not agree with plaintiff that the phrase "trained by the agency" contained in this section means that only HEW or the Social Security Administration is competent to train hearing officers who shall be legally qualified to hold hearings in connection with the complaints of an employee of the Social Security Administration that she is being discriminated against in her employment. The phrase "trained by the agency," as it appears in the regulation, means that HEW may itself train hearing officers or may delegate that duty to another agency of the United States Government whose functions and duties include the training of such personnel. There can be no doubt

that the Civil Service Commission is such an agency. The regulation under which plaintiff contends that HEW must itself train hearing officers is a regulation of the Civil Service Commission itself. In view of the fact that the Commission conducted the training program which was participated in by Mr. Jouno, the Commission has obviously interpreted its own regulation in a manner quite different from the reading given it by plaintiff. Furthermore, the Civil Service Commission retained a general supervisory power over HEW's compliance with the provisions of section 713.216(b) (2) by virtue of another section of the same Regulations which reads as follows:

The Commission shall review periodically an agency's equal employment opportunity program and operations. When it finds that an agency's program or operations are not in conformity with the policy set forth in § 713.202 and the regulations in this subpart, the Commission shall require improvement or corrective action to bring the agency's program or operations into conformity with this policy and these regulations. [31 Fed.Reg. 3070, § 713.205 (1966)].

The Chairman of the United States Civil Service Commission, as a defendant in this case, takes the position through his counsel, the United States Attorney in and for the District of Maryland, that HEW has complied with Civil Service Regulations with regard to Officer Jouno's training. In view of this, and in view of the duties imposed upon the Commission by the President of the United States and the Commission's self-imposed duty to continue to oversee the compliance of agencies with section 713.216(b) (2), the Court has little difficulty in concluding that Officer Jouno is qualified within the meaning of section 713.216(b) (2).

The Government's motion to dismiss is granted to the extent that the complaint brings into issue the qualifications of Hearing Officer Jouno. The motion to

dismiss is granted with regard to all other issues raised by the complaint because plaintiff has failed to exhaust her administrative remedies. The complaint in its entirety is dismissed with costs.