James H. ANDERSON, Jr.

v.

SECRETARY, HEALTH, EDUCATION AND WELFARE

and

Chairman, U. S. Civil Service Commission

and

Commissioner, Social Security Administration.

Civ. No. 17847.

United States District Court
D. Maryland.

Jan. 6, 1967.

James H. Anderson, Jr., Baltimore, Md., pro se.

Thomas J. Kenney, U. S. Atty., Arthur G. Murphy, First Asst. U. S. Atty., and Arthur K. Crocker, Asst. U. S. Atty., for defendants.

FRANK A. KAUFMAN, District Judge.

Plaintiff has filed a bill of complaint for declaratory judgment and injunctive relief, alleging *inter alia*, that:

1) he is an attorney and an employee of the Social Security Administration of the Department of Health, Education and Welfare;

2) he represents Mrs. Alleyenne B. Davis, who is also an employee of the Department of Health, Education and Welfare, in a pending administrative hearing concerning a complaint by Mrs. Davis of racial discrimination;

3) such hearing has been commenced but has not been concluded;

4) the administrative complaint by Mrs. Davis and the conduct of the administrative hearing in connection with it are the subject of a proceeding instituted in this Court by Mrs. Davis in Davis v. Secretary, Department of Health, etc., et al., Civil Action No. 17792, 262 F.Supp. 124;

5) plaintiff has acted and continues to act as counsel for Mrs. Davis in that case; and

6) after preliminary hearings and conferences before this Court plaintiff was advised by an attorney for the Government that it was the Government's position that plaintiff, in acting as counsel for Mrs. Davis in Civil Action 17792, was acting in violation of 18 U.S.C. § 205 and would subject himself to criminal prosecution if he persisted in attempting to represent Mrs. Davis in Civil Action 17792 while still himself an employee of the Government.

Section 205 prohibits certain activities by Government employees in claims against, and other matters affecting, the Government. Criminal penalties are provided by statute for the violation of Section 205. That section provides, in part, as follows:

Nothing herein prevents an officer or employee, if not inconsistent with the faithful performance of his duties, from acting without compensation as agent or attorney for any person who is the subject of disciplinary, loyalty, or other personnel administration proceedings in connection with those proceedings.

This provision clearly permits plaintiff's representation, without compensation, of Mrs. Davis in the administrative hearing. Plaintiff desires this Court to decide at this time whether that provision similarly permits plaintiff's representation of Mrs. Davis in the related proceeding in this Court (Civil Action No. 17792).

Specifically, plaintiff's complaint seeks relief as follows:

WHEREFORE, plaintiff prays a Declaratory Judgment:

A. That plaintiff's serving as attorney for the aforementioned Alleyenne B. Davis, and other individuals similarly situated, is not in violation of Title 18, Section 205, of the U.S. Code, Annotated.

B. That the defendants be permanently enjoined from interfering with plaintiff in the performance of such duties and from charging or attempting to charge plaintiff with the violation of said Section of the Code.

C. That an immediate Order issue from this Court requiring defendants to provide plaintiff with a reasonable amount of time, with compensation to prepare and prosecute this Bill for Declaratory Relief, and to provide plaintiff with the necessary secretarial assistance and other support, and the costs of this action.

D. That the defendants be permanently enjoined from molesting, intimidating and harassing plaintiff as a result of this and other actions of this nature in which plaintiff is lawfully engaged.

E. That the defendants be permanently enjoined from denying plaintiff equal employment and promotional opportunity as a result of having lawfully brought this action, and having participated in other similar actions on behalf of others.

F. That the defendants be required to forthwith raise any other issues not going to the merits of complainant Davis' case, or that such issues be thereafter deemed waived, to the end that complainant Davis may promptly and without further delay receive the relief to which she is entitled.

G. Such other and further relief as the nature of his case may require.

The Government has filed a motion to dismiss plaintiff's complaint. Written memoranda and oral argument have been presented by counsel to this Court.

At the hearing plaintiff stated that he has not received and will not receive any compensation for representing Mrs. Davis in the administrative hearing or in Civil Action 17792 in this Court. The Government, by Arthur G. Murphy, First Assistant United States Attorney, made the following statement to the Court during the hearing in this case:

In talking to Mr. Kenney, Your Honor, the Government is prepared at this point—and Mr. Crocker, I think, will argue the point in terms of his Paragraph (c)—but I would want the Court to know at this point that for the purpose of this particular case and in spite of what the legislative history leads us to believe insofar as whether 205 applies in this case, which is Anderson v. U. S., et cetera, that we are willing to take the position that there will be no consideration or even recommendation of any criminal prosecution of Mr. Anderson by virtue of his representing his client as an outgrowth of the administrative proceedings and particularly because of the position that they took in deciding to cut off the administrative proceedings, and I think, Your Honor, the only way to really get the thing really decided for

once and for all is to take the position that we have taken and indicate that we will have no objection to his continued representation of his client.

After the hearing in this case, the following statements were made in a hearing in connection with Civil No. 17792, Davis v. Secretary, Department of Health, etc., et al., 262 F.Supp. 124:

The Court: The Court has called this case, just before you proceed, Mr. Murphy, for the purpose of asking you to state the Government's position with regard to Mr. Anderson's acting as counsel in the Davis case.

Mr. Murphy: If Your Honor please, just as the Government earlier indicated in Civil 17847, that for the purpose of this matter and in an effort to bring this case to a speedy hearing and decide the real issues, that the Government has stipulated and is putting on record the fact that it has no objection to the continuation of Mr. Anderson in his capacity in this Court as attorney for Mrs. Davis, and that it does not and will not consider prosecution by virtue of Title 18 U.S.C., Section 205, I believe it is, and we want that clear on the record.

The Court: The Court wishes to state for the record that the Court recognizes Mr. Anderson as counsel in the Davis case, with the full prerogatives as a member of the Bar of this Court that counsel in that case will have and that the Court, therefore, takes notice of Mr. Murphy's statement.

Advisory opinions are seldom given by the federal courts, particularly where the relief sought is the construction of a federal statute providing criminal penalties. The Supreme Court of the United States has held as recently as 1965 in Zemel v. Rusk, 381 U.S. 1, 19, 85 S.Ct. 1271, 1282, 14 L.Ed.2d 179 (1965) that the general rule is that "equity will not interfere with the criminal processes, by entertaining actions for injunction or declaratory relief in advance of criminal prosecution." The Supreme Court, however, recognized in that opin-

ion that there may be exceptional circumstances under which the general rule will not apply. Such circumstances do not exist in this case, particularly in view of the position which the Government has taken. Therefore, the relief requested by plaintiff in A and B of plaintiff's prayer for relief cannot be granted.

 With regard to the relief sought by plaintiff in C of his prayer for relief, no authority, statutory or otherwise, has been cited to or found by this Court which would permit it to grant such relief.

Plaintiff has made no allegations in his complaint to require or justify the granting of relief sought by him in D–G, inclusive, of his prayer for relief.

Under the circumstances questions concerning whether the proper parties defendants have been named in connection with the relief sought by plaintiff need not be determined.

The motion to dismiss is granted and the complaint is dismissed with costs.