CONGRESS OF RACIAL EQUALITY (TARGET CITY PROJECT), A Maryland corporation (non-profit), on behalf of James E. Eastmond and many others similarly situated,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, Secretary, Health, Education and Welfare, Chairman, U. S. Civil Service Commission.

Civ. No. 17866.

United States District Court
D. Maryland.

June 20, 1967.

Leonard A. Briscoe, Baltimore, Md., for plaintiff.

Stephen H. Sachs, U. S. Atty., and Arthur G. Murphy, First Asst. U. S. Atty., Baltimore, Md., for defendants.

THOMSEN, Chief Judge.

The United States has moved to dismiss the complaint in this action on a number of grounds, including sovereign immunity, lack of jurisdiction, failure to state a claim upon which relief can be granted, lack of standing of plaintiff to file a class suit, failure to exhaust available adminstrative remedies, and failure to show adequate grounds for the injunctive relief requested.

This action is brought by "The Congress of Racial Equality, Target City Project," referred to in the complaint and herein as CORE, "on behalf of James E. Eastmond and others similarly situated" against three defendants, who are designated only by their official titles, viz., "Commissioner, Social Security Administration;" "Secretary, Health, Education and Welfare;" and "Chairman, U. S. Civil Service Commission."

The first prayer for relief, aside from a request that the case be advanced on the docket, is that "an immediate order issue from this Court temporarily restraining defendants from making any further promotions under any estab-lished promotion plan or otherwise during the pendency of this action." Then, after a prayer that "the defendants be restrained from any acts of interference, coercion, discrimination or reprisal against any of the plaintiffs or any member of the class of plaintiffs," and before a prayer for other and further relief, there is a prayer for what this Court takes to be the principal relief requested: that "the defendants be required to establish and enforce an administrative procedure in accordance with Executive Order 11246 to the end that plaintiffs may be assured the right to equal employment and promotional opportunity as provided in said order."

To support those prayers the complaint alleges:

"* * * CORE, is a non-profit organization dedicated to seeking equality of treatment under the law for all citizens. As a result of its activities, it has become widely known as a champion of the causes of the oppressed, and in the pursuit of its legally established objectives, CORE has received numerous complaints of racial discrimination and deprivation of rights against the defendants in this case, and has from time to time sought to bring about an equitable resolution of these complaints by attempting to negotiate in good faith with certain of the defendants, but to no avail. Wherefore, it is necessary that this action be brought.

"2. The named plaintiff and the many others described as being similarly situated are all employees of the Social Security Adminstration.

"3. The defendants Department of Health, Education and Welfare and the Civil Service Commission are by virtue of the organizational structure of the Executive Branch of the Government, superior in rank to the Social Security Administration and are in many respects responsible for the action or lack of action of this Administration.

"4. The defendants are charged by the declared public policy of the

Congress of the United States, as stated in the Civil Rights Act of 1964, and the President's Executive Order 11246, with assuring equal employment and promotional opportunity to all Government employees, and are directed to take affirmative action to the end that this policy be carried out.

"5. Notwithstanding said lawful responsibility, the defendants knowingly and wilfully acting in concert have unlawfully refused to discharge their assigned obligations, all to the detriment of the plaintiffs of this action, and all in violation of the aforementioned Act of Congress, Executive Order, and in violation of Title 42, Section 1983, U. S. Code, Annotated which provides:

'Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. R. S. Section 1979'

"6. As á result of defendants failure to act as required by law, plaintiffs are denied the right to equal employment and promotional opportunity by virtue of their race and otherwise.

"7. The defendants have failed and refused to establish an effective administrative procedure through which plaintiff grievances and complaints can be heard and appropriate relief granted.

"8. The purported administrative procedure as presently established is burdensome, oppressive, powerless, and designed only to further defendants policy of concerted inactivity.

"9. Even where findings favorable to the complainant, under the present procedure, are made and instructions given as to the action to be taken, the defendants knowingly and wilfully and in utter disregard of the complainant's rights, refuse to take such action, and complainant has no ready means of enforcement at his disposal."

The difficulty of determining exactly what CORE complains of is evident. The complaint does not allege any specific acts or omissions by any of the defendants, or anyone else, with respect to the use-plaintiff Eastmond or any other employee of the Social Security Administration. Construing the complaint most favorably to plaintiff, it does not state a claim upon which this Court can grant the relief requested, or any other relief, for a number of reasons.

■ *I. Sovereign Immunity.* The leading case in this field is Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949). The facts in that case were very different from the facts here, but the Court laid down certain general principles which must be applied in this case. The fact that the United States is not named as a party defendant is not controlling. " * * * the crucial question is whether the relief sought in a suit nominally addressed to the officer is relief against the sovereign." 337 U.S. at 687, 69 S.Ct. at 1460. This is not a suit for damages against the individual officers; it is not alleged that they acted beyond any statutory limitations on their powers, nor that they acted under an unconstitutional statute. The complaint seeks an injunction directing defendants, in their official capacities, "to establish and enforce an administrative procedure in accordance with Executive Order 11246 to the end that plaintiffs may be assured the right to equal employment and promotional opportunity as provided in said order."

■ The Court must take judicial notice that the Civil Service Commission, on February 24, 1966, issued a series of regulations, sec. 713.201 et seq., 31 F.R. 3069 et seq., 5 C.F.R. sec. 713.201 et seq. (Cum.Supp.,1967), designed to

carry out the responsibility of the Civil Service Commission under Executive Order 11246. On September 29, 1966, the Department of Health, Education and Welfare issued regulations which incorporated and supplemented the regulations of the Civil Service Commission on "Equal Opportunity without Regard to Race, Color, Creed or National Origin." Both series of regulations contain provisions for complaints, hearings, decisions and appeals. It is not clear whether plaintiff seeks an injunction requiring the individual defendants to adopt different regulations and procedures or an injunction requiring them to enforce the current regulations. Insofar as plaintiff may seek to require defendants to adopt different regulations, it is asking the Court to enter an injunction requiring official affirmative action which would affect the public administration of government agencies, see State of Hawaii v. Gordon, 373 U.S. 57, 83 S.Ct. 1052, 10 L.Ed.2d 191 (1963), and is, in effect, seeking relief against the United States with respect to which the United States has not consented to be sued. The principles of sovereign immunity preclude this Court from granting such relief. Larson v. Domestic & Foreign Commerce Corp., supra; Malone v. Bowdoin et al., 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962); Manhattan-Bronx Postal Union et al. v. Gronouski, 121 U.S.App.D.C. 321, 350 F.2d 451 (1965); Insular Police Commission v. Lopez, 160 F.2d 673 (1 Cir., 1947), cert. den. 331 U.S. 855, 67 S.Ct. 1743, 91 L.Ed. 1863 (1947); Mitchell v. MacNamara, 122 U.S.App.D.C. 224, 352 F.2d 700 (1965); Kennedy v. Rabinowitz, 115 U.S.App.D.C. 210, 318 F.2d 181 (1963). See also Mine Safety Appliances Co. v. Forrestal, 326 U.S. 371, 66 S.Ct. 219, 90 L.Ed. 140 (1945); New Haven Public Schools v. General Services Administration, (7 Cir., 1954), 214 F.2d 592.

■ Insofar as plaintiff may seek an injunction requiring defendants to enforce the existing regulations, plaintiff must not only show that this Court has jurisdiction to grant such relief, but must also show that plaintiff has standing to bring the action, must allege with some specificity the manner in which the individual defendants have failed to enforce the existing regulations, and must allege the irreparable injury to plaintiff which would justify the requested injunction. Those requirements will be discussed below.

*II. Jurisdiction.* (A) Plaintiff has asserted 28 U.S.C. § 1343 as the statutory authority for this Court to assume jurisdiction. That section gives the district courts original jurisdiction of any civil action *authorized by law* (emphasis added):

"(1) To recover *damages* for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in Section 1985 of Title 42;

"(2) To recover *damages* from any person who fails to prevent or to aid in preventing any wrongs mentioned in Section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;

"(3) To redress the deprivation, under color of any *State* law, statute, ordinance, regulation, custom, or usage, of any right, privilege, or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

"(4) To recover *damages* or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote." (emphasis supplied throughout.)

■■ The first three numbered paragraphs are clearly inapplicable. To support its claim of jurisdiction under paragraph (4), plaintiff cites Executive Order 11246 and 42 U.S.C. § 1983. Section 1983 is inapplicable because it refers to action taken "under color of any

statute, ordinance, regulation, custom, or usage, of any State or Territory". It does not apply to federal officers, required to act under federal law.

 Executive Order 11246 represents in essence the formulation of a policy by the President for the guidance of federal agencies. It contains the following provision: "Sec. 104. The Civil Service Commission shall provide for the prompt, fair, and impartial consideration of all complaints of discrimination in Federal employment on the basis of race, creed, color, or national origin. Procedures for the consideration of complaints shall include at least one impartial review within the executive department or agency and shall provide for appeal to the Civil Service Commission." Executive Order 11246, following 42 U.S.C.A. § 2000e, 1966 Cum.Supp., p. 95. The regulations adopted by the Civil Service Commission and by the Department of Health, Education and Welfare contain the provisions required by section 104. The President did not attempt to create any role for the judiciary in such administrative proceedings. The limited field in which the judiciary may act in connection with such proceedings was discussed in Davis v. Secretary, Department of Health, Education and Welfare, 262 F.Supp. 124 (D.Md., Kaufman, J., 1967). This Court concludes that Executive Order 11246 cannot be the basis for jurisdiction under 28 U.S.C. § 1343(4) or otherwise in this case.

 (B) *Civil Service Commission.* Plaintiff named as a defendant, the Chairman, U. S. Civil Service Commission. The other members of that Commission were not individually named or served as defendants in this action. While the Commissioners may be described as parties by their official titles pursuant to Rule 25(d) (2), F.R.Civ.P., the individual members of the Civil Service Commission are indispensable parties. In Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534 (1952), the Court said:

"Since the Civil Service Commission is not a corporate entity which Congress has authorized to be sued, a suit involving the action of the Commission generally must be brought against the individual Commissioners as members of the United States Civil Service Commission. No such suit was brought here, and no service was had upon the individuals comprising the Civil Service Commission. Therefore, neither the individuals comprising the Civil Service Commission nor the Commission as a suable entity was before the District Court." 342 U.S. at 515, 72 S.Ct. at 412.

See also Bell v. Groak, 371 F.2d 202 (7 Cir., 1966).

This action is not properly brought against the Chairman of the Civil Service Commission, as such.

 *III. Standing to Bring Class Action.* This suit purports to be a class action, brought by CORE for the benefit of Eastmond and other unnamed "employees of the Social Security Administration similarly situated." Class actions are provided for in the Federal Rules of Civil Procedure. Rule 23, as amended, effective July 1, 1966, provides in pertinent part: "One or more members of a class may sue or be sued as representative parties on behalf of all * * *". CORE is not an employee of the Social Security Administration and cannot be a member of the class. An "organization" may file an administrative complaint under CSC Regulation 713.212, HEW Regulation 713–1–40A, for an aggrieved employee or applicant, with his consent. In addition, under that HEW Regulation, "complaints of general nature covering such matters as alleged discrimination in employment patterns may be filed also by an organization." As noted below, CORE has filed such a complaint, which is now pending and is not involved in this suit. But the regulations do not and could not give CORE the right to maintain such a civil action as this. It is not a member of the alleged class, has not itself been discriminated against, and has no litigable right which is enforceable judicially. See Joint Anti-Fascist Refugee Committee v. Mc-

Grath, 341 U.S. 123, 140, 71 S.Ct. 624, 95 L.Ed. 817 (1951) (principal opinion); Pennsylvania Railroad Co. v. Dillon, 118 U.S.App.D.C. 257, 335 F.2d 292, 294 (1964), cert. den. 379 U.S. 945, 85 S.Ct. 437, 13 L.Ed.2d 543 (1964). See also Hackett v. Kincaid, 36 F.R.D. 442 (N.D.Miss.,1964); Nesbit v. Statesville City Board of Education, 232 F.Supp. 288 (W.D.N.C.,1964, Craven, J.), vacated on different grounds, 345 F.2d 333 (4 Cir., 1965). Any representative capacity which CORE may enjoy in the administrative process does not relieve it from the requirement of Rule 23, F.R.Civ.P., that the representative of a class in the federal courts must be a member of that class.

■ *IV. Sufficiency of Allegations.* It is not clear whether plaintiff intends to allege a conspiracy among the three defendants. If so, and if we assume for the sake of the argument that jurisdiction exists, "plaintiff was bound to do more than merely state vague and conclusionary allegations respecting the existence of a conspiracy. It was incumbent upon him to allege with at least some degree of particularity overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy." Powell v. Workmen's Compensation Bd. of State of New York, 327 F.2d 131, 137 (2 Cir., 1964). See also cases cited in *Powell,* and Dinwiddie v. Brown, 230 F.2d 465, 469 (5 Cir., 1956), cert. den., 351 U.S. 971, 76 S.Ct. 1041, 100 L.Ed. 1490; Campbell v. Glenwood Hills Hospital, Inc., 224 F.Supp. 27 (D.C.Minn.,1963); Norton v. McShane, 332 F.2d 855, 862 (5 Cir., 1964); Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944). Cf. Lee v. Hodges, 321 F.2d 480 (4 Cir., 1963).

The complaint alleges no specific acts or omissions. It does not show in what respect the three defendants have failed to establish appropriate regulations or to enforce the existing regulations.

*V. Injunctive Relief.* In its second prayer plaintiff asked that "an immediate order issue from this Court temporarily restraining defendants from making any further promotions under any established promotion plan or otherwise during the pendency of this action." At a conference in chambers the Court was advised by counsel for plaintiff that he had not realized the scope of the temporary relief sought and would abandon that prayer. The fourth prayer is that "the defendants be required to establish and enforce an administrative procedure in accordance with Executive Order 11246 to the end that plaintiff may be assured the right to equal employment and promotional opportunity as provided in said order." It has been noted above that plaintiff has not made any specific allegations with respect to any deficiencies in the existing regulations or the enforcement thereof. Nor has CORE shown that either it or Eastmond or anyone else has suffered or will suffer any such injury as would justify injunctive relief at this time, before the administrative remedies have been exhausted. Eastern Airlines, Inc. v. C.A.B., 261 F.2d 830 (2 Cir., 1958); Anderson v. Kelley, 32 F.R.D. 355 (M.D.Ga.,1963); Virginia Petroleum Jobbers Ass'n v. F.P.C., 104 U.S.App.D.C. 106, 259 F.2d 921 (D.C.Cir., 1958). See also Akelmacker v. Kelly et al., 101 F.Supp. 528 (S.D.N.Y.,1951); Leeds v. Rossell, 101 F.Supp. 481 (S.D.N.Y.,1951); Fitzpatrick v. Snyder, 220 F.2d 522 (1 Cir., 1955), cert. den., 349 U.S. 946, 75 S.Ct. 875, 99 L.Ed. 1272 (1955). See also Davis v. Secretary, Dept. HEW et al., 262 F.Supp. 124, 126–127 (D.Md.,1967).

■ *VI. Exhaustion of Administrative Remedies.* Although it was not alleged in the complaint, and is not before the Court on the motion to dismiss, it appears from an affidavit attached to the government's motion to dismiss, and conceded to be true by counsel for CORE at the hearing, that Walter S. Brooks, Project Director, CORE Target City Project, in a letter dated September 19, 1966, addressed to Secretary John Gardner, Department of Health, Education and Welfare, filed a "formal general complaint of racial discrimination, on be-

half of the Negro employees of the Social Security Administration Central and Field Offices." That letter was referred to F. Peter Libassi, Equal Employment Opportunity Officer of the Department of Health, Education and Welfare, on September 21, 1966. In a letter dated September 29, 1966, Paul M. Rilling, Assistant Director, Office for Civil Rights, Department of Health, Education and Welfare, advised Walter S. Brooks, that his letter of September 19, 1966, had been accepted as a formal general complaint under Presidential Executive Order 11246 and that the Social Security Administration had been asked to begin an investigation and to report back to the Department at an early date. By memorandum dated December 2, 1966, to Harold T. Hunton, Staff Assistant for Civil Rights, Louis Zawatzky, Deputy Assistant Commissioner for Employee Relations, transmitted to the Department a "Report on Implementation of the Equal Employment Opportunity Program throughout the Social Security Administration." It further appears that the Department's response to the CORE complaint was sent to CORE and that a hearing has been requested and granted. It is clear that if CORE has any rights under Executive Order 11246 and the regulations, it has not exhausted its administrative remedies with respect thereto.

It further appears from a similar affidavit and concession that Eastmond, the only named use-plaintiff, filed a complaint of racial discrimination against the Social Security Administration on July 21, 1966, and that Eastmond has not exhausted his administrative remedies in connection therewith. The complaint specifies no respects in which such administrative proceedings are inadequate or are not being complied with. Assuming, without deciding, that this Court might under other circumstances assume jurisdiction and consider certain matters prior to the exhaustion of administrative remedies, no justification for such assumption of jurisdiction has been shown in this case. Cf. Davis v.

Secretary, Dept. HEW et al., 262 F.Supp. 124 (D.Md., Kaufman, J., 1967).

The government's motion to dismiss is hereby granted.