Christine **MITCHELL** et al., Appellants,

v.

**Robert S. McNAMARA**, Secretary of Defense, et al., Appellees.

No. 19132.

United States Court of Appeals
District of Columbia Circuit.

Argued April 28, 1965.

Decided July 6, 1965.

Mr. Henry B. Weaver, Jr., Washington, D. C., with whom Messrs. William B. Beebe, Hershel Shanks and George A. Avery, Washington, D. C., were on the brief, for appellants.

Mr. Richard S. Salzman, Attorney, Department of Justice, with whom Asst. Atty. Gen. John W. Douglas, Messrs. David C. Acheson, U. S. Atty., and Sherman L. Cohn, Attorney, Department of Justice, were on the brief, for appellees.

Before BAZELON, Chief Judge, WASHINGTON, Circuit Judge, and BASTIAN, Senior Circuit Judge.

PER CURIAM:

This is an appeal from a judgment of the District Court dismissing a complaint in the nature of a petition for mandamus brought in behalf of teachers employed overseas at schools provided by the United Sates for dependents of servicemen. The theory of plaintiffs-appellants is that the governing statute, enacted in 1959,[1] is not being obeyed by appellees. The Act was the basis on which certain salary increases were made, accompanied by suitably increased appropriations, for a period following its passage. Appellants urge that the Act requires appellees to take periodic action to raise appellants' salaries to levels equal to those prevailing in the United States and that they should be ordered to do so, notwithstanding the fact that Congress has of late years declined to provide appropriations adequate for this purpose. The appropriations actually granted impose a ceiling on the amount which may be expended per pupil. To increase teachers' salaries would reduce the amount available for buildings, equipment, etc., thus necessitating many difficult decisions by appellees as to relative needs and priorities.

 We think that the complaint was properly dismissed for lack of jurisdiction. In our view this is an unconsented suit against the United States; and in any case mandamus is not available because the courts will not interfere with the exercise of executive discretion in situations as confused and difficult as the present.

Affirmed.

---

1. Defense Department Overseas Teachers Pay and Personnel Practices Act, 73 STAT. 213, 5 U.S.C. §§ 2351, 2358.