## SOUTHPORT LAND AND COMMERCIAL COMPANY, Plaintiff,

v.

## Stewart UDALL, as Secretary of the Interior, Steve Kosanke and Beverly Kosanke, Defendants.

### No. 42385.

United States District Court
N. D. California, S. D.

Aug. 11, 1965.

---

Schofield, Hanson, Bridgett, Marcus & Jenkins, San Francisco, Cal., Theodore W. Phillips, appearing, for plaintiff.

Cecil F. Poole, U. S. Atty., San Francisco, Cal., J. Harold Weise, San Francisco, Cal., appearing, for defendant Udall.

WOLLENBERG, District Judge.

Plaintiff seeks a mandatory injunction compelling Stewart Udall, as Secretary of the Interior to issue a land patent to plaintiff for certain real property located in Contra Costa County, California. Defendant Udall moves to dismiss the complaint as to himself.

Plaintiff alleges jurisdiction of this court upon 43 U.S.C. § 1161 et seq., and upon 28 U.S.C. §§ 1331, 1361. The provisions of 43 U.S.C. § 1161 et seq. grant to the Secretary of the Interior, the authority to issue land patents in those cases wherein a prior land claim has been suspended by the government or where an administrative error has been made in processing such application, and where the facts merit such issuance based upon principles of equity and justice.

The Secretary of the Interior has in fact denied plaintiff's claims under this provision and it is from this adverse ruling that plaintiff seeks relief. The complaint alleges that this decision was arbitrary, biased and contrary to law and fact. This conclusionary statement is apparently intended to conform to the requirement of part (e), 5 U.S.C. § 1009, pertaining to the judicial review of agency action, and more specifically to the judicial scope of review. However, the relief afforded by that section is not in the nature of a mandatory court order which preempts final administrative determination. The court "shall (A) *compel agency action unlawfully withheld or rea-*

*sonably delayed; and* (B) *hold unlawful and set aside agency action, findings, and conclusions * * * "* (Emphasis added.) It has been further held under this code provision that "administrative orders are not reviewable unless and until they impose an obligation, deny a right or fix some legal relationship as a consummation of the administrative process." Chicago & Southern Air Lines v. Waterman S.S. Corp., 333 U.S. 103, 113, 68 S.Ct. 431, 437, 92 L.Ed. 568 (1948).

■ Therefore plaintiff does not ask the court to review that decision, rather he seeks a hearing de novo on the merits and prays for the issuance of a mandatory order compelling the defendant Udall to approve his application for a land patent, as an original matter. The statutory language is clear. It does not impart primary jurisdiction upon this court to determine the merits of land patent claims, 43 U.S.C. § 1161 et seq.

The plaintiff would then have us find legislative sanction for this suit pursuant to 28 U.S.C. § 1361 which provides:

The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof *to perform a duty owed to the plaintiff.* (Emphasis added.)

As authority for this proposition, plaintiff cites the case of Adams v. Witmer, 271 F.2d 29 (9th Cir. 1959). Adams is distinguishable from the present case on the facts and on the law. In Adams, application was made for mining claims under 30 U.S.C. § 21 et seq. Those sections contain no explicit commitment of agency action to agency discretion. Once the mining claim is made and the filing fees paid, very little discretion is left in the government, absent unusual circumstances. " * * * If no adverse claim shall have been filed with the register of the proper land office at the expiration of the sixty days of publication, it shall be assumed that the *applicant is entitled to a patent,* upon the payment to the proper officer of $5.00 per acre, and that

no adverse claim exists * * * " 30 U. S.C. § 29. What remains for the government officer is the *performance of a ministerial function* and *not* the *exercise of discretion.* (Emphasis added.) There can be little doubt that this distinction is important, for it has long been recognized by the Supreme Court of the United States that the courts have no power to control or influence the judgment of an officer or to direct the performance of a discretionary duty. Marbury v. Madison, 1 Cranch 137, 170, 2 L.Ed. 60 (1803).

■ Such is the case here. Plaintiff does not contend that a proper application for a land patent was made with the government or that any administrative error was committed by the government in relation to the land patent claim. Therefore, plaintiff has not established any duty owing to him by the government as was the case in Adams, and which is an indispensible requirement of 28 U.S. C. § 1361, supra. In the absence of such duty and in the absence of any statute compelling the government to issue a land patent as a matter of course upon application from a prospective purchaser, this court cannot arbitrarily take jurisdiction.

In fact, the plaintiff is asking this court to order the government to enter into a contract with plaintiff for the sale of land, for the provisions of 43 U.S.C. § 1161 et seq. pertain to acquiring a derivative title founded in contract and not to the acquisition of an original title as by adverse possession.

■ Further, the court notes that plaintiff has not named the United States as a party defendant. In and of itself, that would be fatal to this complaint, since plaintiff would have defendant Udall sign the name of the United States to a deed conveying an interest in land. As the United States Court of Appeals for the Ninth Circuit recently held, "no one can do that as an individual." White v. Administrator of General Services, etc., et al., 9 Cir., 343 F.2d 444, dated March 23, 1965. That court also cites with approval, Justice Frankfurter's dissenting opinion in Larson v. Domestic

and Foreign Corp., 337 U.S. 682, 712, 69 S.Ct. 1457, 1472, 93 L.Ed. 1628 (1949), wherein it was stated:

> If a defendant is asked to transfer the possession or title of property which is the Government's, judged by the conventional tests of possession or ownership, * * * such demands are effective demands upon the sovereign which require the sovereign's consent as a requisite to the grant of judicial remedies.

 In opposition to this proposition, plaintiff, in his supplemental memorandum of points and authorities, cites several United States Supreme Court decisions upholding the right of an individual to sue a government official even though a favorable ruling would require government action. Each case involved the performance of a *ministerial function*; (emphasis added) to carry mail, to issue a security clearance, to reinstate a federal employee, wherein they are distinguishable from the present complaint, in that not one decision involved a vested property right of the United States, or the exercise of a discretionary act.

Accordingly, the motion to dismiss as to defendant Udall is granted.