James SMITH, Plaintiff,

v.

UNITED STATES AIR FORCE
and
Secretary of the Air Force, Defendants.
Civ. A. No. 41511.

United States District Court
E. D. Pennsylvania.
Jan. 4, 1968.

Carlyle M. Tucker, Philadelphia, Pa., for plaintiff.

Drew J. T. O'Keefe, U. S. Atty., for defendants.

## MEMORANDUM OPINION

WEINER, District Judge.

Plaintiff Smith was given an honorable discharge from the United States Air Force on August 25, 1959, under Section B of Air Force Regulation 39–16 (Discharge for Unsuitability). Unable later to reenlist because of the nature of his prior discharge, Smith then sued, under 28 U.S.C. § 1361, to compel the Secretary of the Air Force, under 10 U.S.C. § 1552(a), to correct his discharge and military record, on the ground that these were arbitrary and capricious.

The action was transferred from the District of Columbia to the Eastern District of Pennsylvania, under 28 U.S.C. § 1404(a), where venue is proper under 28 U.S.C. § 1391(e). The instant controversy is before us on plaintiff's motion for summary judgment and the Government's motion to dismiss.

■■ At the outset it should be noted that, although sovereign immunity protects the United States Air Force from suit by Smith, cf. Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534 (1952), jurisdiction over the Secretary of the Air Force is granted by the reading of 28 U.S.C. § 1361 and 10 U.S.C. § 1552(a) together, Ashe v. McNamara, 355 F.2d 277 (1st Cir. 1965) (Hastie, J., by designation).

On the merits, however, plaintiff has no case. In Ashe, supra, the plaintiff, who prevailed in the First Circuit, was complaining of being denied his constitutional right of having effective assistance of counsel in a trial by court martial, as guaranteed him by the sixth amendment. Here, however, plaintiff is asking that the Secretary be compelled to agree with plaintiff that it is necessary in his case to "correct an error or remove an injustice," in the language of 10 U.S.C. 1552(a), in the face of three prior requests for review to the appropriate military authorities, all of which were denied, upon consideration of the merits of his case.

■ The sum and substance of plaintiff's attack upon his discharge is that the evidence of his bad attitude, disregard for appropriate command channels, and unpaid telephone bills to London was not enough to sustain such action. Plaintiff, however, must meet the burden of producing "cogent and clearly convincing evidence to warrant the substitution by this court of its judgment for that of" the military reviewing authorities, and to prove that their decision was "arbitrary, capricious, or erroneous in law," Wood v. United States, 176 Ct.Cl. 737, 743 (1966); accord, Stephens v. United States, 358 F.2d 951, 955, 174 Ct.Cl. 365, 374 (1966).

■ The scope of jurisdiction extended to the district courts by 28 U.S.C. § 1361 is simply that over:

any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

It is elementary from the statutory language that the purpose of this section is, in the words of the Senate Report No. 1992, "not to direct or influence the exercise of discretion of the officer or agency in the making of the decision," 1962 U.S. Code Cong. & Ad.News, at 2784–85 (87th Cong.2d Sess.). Moreover, there appears no abuse of discretion by the military authorities in granting plaintiff Smith his honorable discharge for unsuitability. At least two out of the three statements by fellow servicemen about plaintiff's character submitted as his own exhibits to the court note that "[e]ach work assignment to him was always met with an unusual amount of complaining"; and that "[h]e jumps the Chain of Command at will, and his conduct toward his supervisors leaves much to be desired."

## ORDER

And now, January 4, 1968, defendant's motion to dismiss the instant action is hereby granted.