Ethel BOWEN, Plaintiff,

v.

R. S. CULOTTA, Chief, Central Accounting Office, Fort Eustis, Virginia, Defendant.

Civ. A. No. 1374–NN.

United States District Court
E. D. Virginia,
Newport News Division.

Dec. 3, 1968.

Phelps & Atkinson, Newport News, Va., for plaintiff.

Jeffrey F. Axelrad, Civil Div., Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM ORDER

KELLAM, District Judge.

Ethel Bowen seeks a mandamus to compel defendant as the Chief of the Central Accounting Office, Fort Eustis, Virginia, to reinstate her to her former

position as clerk in charge of accounts receivable for the Bachelor Officers Quarters, etc., Fort Eustis, Virginia. As grounds therefor she alleges that in 1956 she was appointed an employee of the non-appropriated fund activity, later assigned to handle accounts for the Officers Club, and in 1967 elevated to the office of Clerk in charge of Child Care Center, and assigned to maintain accounts receivable records for the Bachelor Officers Quarters, etc., where she remained until October 23, 1967, when defendant "while acting in [such] capacity, *illegally and arbitrarily dismissed*" her. She alleges defendant preferred no charges against her and did not give her "an opportunity to have a public hearing on any charges and to be represented by counsel at a hearing thereon;" that such dismissal deprived her of her rights as provided in her contract of employment with the non-appropriated fund activity; and that it is the duty of defendant to reinstate her.

Defendant moves to dismiss, asserting this Court lacks jurisdiction over the subject matter because the United States has not consented to be sued in such matters, and defendant partakes of this governmental immunity.

■ Plaintiff's employment was with a non-appropriated fund activity. A non-appropriated fund activity is one to which the government has initially provided funds to permit it to begin operation. The governmental loan is repaid out of the profits earned by the activity. Thus, the activity is created by the government with governmental funds for governmental personnel, and is administered by governmental employees for the use and benefit of the United States.

Plaintiff alleges jurisdiction in this Court pursuant to the provisions of Title 28 U.S.C.A. § 1361, enacted in 1962. This section provides:

§ 1361. Action to compel an officer of the United States to perform his duty

The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

■■ The enactment of Title 28 U.S.C.A. § 1361 did not create any new right. It merely permitted an aggrieved person in a proper case to proceed by mandamus in district courts outside of the District of Columbia to compel an officer or employee of the United States or any agency thereof to perform a duty owed to such person. It does not create new liabilities or new causes of action against the United States or its officials. White v. Administrator of General Services Administration, 343 F.2d 444, 447 (9th Cir. 1965); McEachern v. United States, 212 F.Supp. 706, 712 (W.D.S.C.). The Committee on the Judiciary of the United States Senate, Senate Report No. 1992, U.S.Code Congressional and Administrative News, 87th Congress, 2nd Session 1962, Vol. 2, page 2784, in reporting to the Senate on the proposed adoption of Title 28 § 1361, said that the "jurisdiction conferred on the district courts by the bill is limited to compelling a government official or agency to perform a duty owed to the plaintiff or to make a decision, but not to direct or influence the exercise of discretion of the officer or agency in the making of the decision." The Court can "only compel the official or agency to act where there is a duty, which the committee construes as an obligation, to act." The report further shows that the writ is to be used only where there is an absolute obligation to act in connection with which no discretion exists. Where the official or agency acts in an area of discretion, such is not reviewable by mandamus. Calloway County, etc. v. Missouri, etc., 122 F.Supp. 541, 545 (W.D.Mo.1954); Parrott v. Cary, 234 F.Supp. 572, 574 (D.C.Colo.1964); Southport Land, etc. v. Udall, 244 F.Supp. 172, 175 (D.C.Cal.1965); Commonwealth of Massachusetts v. Connor, 248 F.Supp. 656, 659 (D.C.Mass.1966); Harms v. F.H.A., 256 F.Supp. 757, 767 (D.C.Md. 1966); Armstrong v. United States, 233 F.Supp. 188 (D.C.Cal.1964), affirmed

354 F.2d 648, cert. denied 384 U.S. 946, 86 S.Ct. 1472, 16 L.Ed.2d 543.

■ The question of discharging or retaining plaintiff in her former employment was a matter of discretion. No statute was violated in discharging her. There was no breach of any duty required to be performed by defendant. Wilbur v. U. S., etc., 281 U.S. 206, 218, 50 S.Ct. 320, 74 L.Ed. 809; Mitchell v. McNamara, 122 U.S.App.D.C. 224, 352 F.2d 700, 701 (1965); Armstrong v. United States, supra. Hence, action for mandamus does not lie here.

■ Plaintiff says she was discharged without cause, and without being granted a public hearing. Apparently, plaintiff has reference to provisions of the Civil Service Act, Title 5, § 2101, etc. Section 2105 of Title 5, subsection (c) provides:

> An employee paid from nonappropriated funds of the Army and Air Force Exchange Service, Army and Air Force Motion Picture Service, Navy Ship's Stores Ashore, Navy exchanges, Marine Corps exchanges, Coast Guard exchanges, and other instrumentalities of the United States under the jurisdiction of the armed forces conducted for the comfort, pleasure, contentment, and mental and physical improvement of personnel of the armed forces is deemed not an employee for the purpose of—
>
> (1) laws administered by the Civil Service Commission; or
>
> (2) subchapter I of chapter 81 and section 7902 of this title. This subsection does not affect the status of these nonappropriated fund activities as Federal instrumentalities.

Hence, it will be seen plaintiff does not come within the provisions of that Title. United States v. Forfari, 268 F.2d 29, 32 (9th Cir. 1959).

■ Plaintiff cannot maintain this action because the United States has not consented to be sued in such actions. She attempts to escape this pitfall by saying the action is not one against the United States. Plaintiff was employed in a non-appropriated fund activity. These activities are instrumentalities of the United States and are integral parts of the government's military services. Standard Oil Company of California v. Johnson, 316 U.S. 481, 62 S.Ct. 1168, 86 L.Ed. 1611; United States v. Holcombe, 176 F.Supp. 297, 303 (E.D.Va.1959) affirmed 277 F.2d 143 (4th Cir. 1960); United States v. Forfari, supra; Nimro v. Davis, 92 U. S.App.D.C. 293, 204 F.2d 734 (1953); Edelstein v. South Post Officers Club, 118 F.Supp. 40 (E.D.Va.1951). Non-appropriated fund activities of the government "share in fulfilling the duties entrusted to it and partake of whatever immunities it may have under the constitution and federal statutes." Standard Oil Co. of California v. Johnson, 316 U.S. 481, 485, 62 S.Ct. 1168, 1170. Suits will not lie against the United States to enforce contractual obligations of such instrumentalities. Jaeger v. United States, 129 U.S.App.D.C. 319, 394 F.2d 944 (1968). The general rule is that the suit is against the sovereign if "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration," Land v. Dollar, 330 U.S. 731, 738, 67 S. Ct. 1009, 1012, 91 L.Ed. 1209 (1947), or if the effect of the judgment would be "to restrain the Government from acting, or compel it to act." Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 704, 69 S.Ct. 1457, 1468, 93 L. Ed. 1628 (1949). The above quoted language was quoted and approved in Dugan v. Rank, 372 U.S. 609, 620, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963). In the case at bar, the defendant was acting solely as an official and employee of the United States. Nimro v. Davis, supra. The action of the defendant officer could be made the basis of a suit for specific relief against him as an individual only if his action is "not within the officers' statutory powers, or if within those powers, only if the powers, or their exercise in the particular case, are constitutionally void." 337 U.S. at 702, 69 S. Ct. at 1467. The above quoted language was cited with approval in Malone v.

Bowdoin, 369 U.S. 643, 647, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962).

Plaintiff entered upon her employment with notice of the legal status of the facility, "its immunity to suit, and the absence of responsibility of the United States." Edelstein v. South Post Officers Club, supra. In the Edelstein case the Court said "the club is obligated on its contract but cannot be sued for its breach, and the United States is neither liable or suable." The same sovereign immunity which applies to the United States applies to this individual defendant. Dugan v. Rank, supra; Armstrong v. United States, supra.

The motion to dismiss is therefore granted, and this action is dismissed.