The HOUSING AUTHORITY OF the CITY AND COUNTY OF SAN FRANCISCO, etc., Plaintiff,

v.

UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT et al., Defendants.

No. C–71–1135.

United States District Court, N. D. California.

April 6, 1972.

Donald King, San Francisco, Cal., for plaintiff.

Joseph L. Alioto, San Francisco, Cal., of counsel.

James L. Browning, U. S. Atty., Brian Denton, Asst. U. S. Atty., San Francisco, Cal., for defendants.

## ORDER DISMISSING ACTION

OLIVER J. CARTER, Chief Judge.

The Housing Authority of the City and County of San Francisco, alleging jurisdiction under Title 28, U.S.C. sections 1331, 1361 and 2201, has come into this Court seeking release of one hundred-fifty million dollars ($150,000,000) appropriated by Congress in Public Law 91–609. Plaintiffs allege that the money has been unconstitutionally impounded by the President in the executive branch of the federal government. Plaintiffs further allege that the result of withholding these funds injures and prejudices plaintiff Authority and the class from going forward with their total development programs for public housing. Plaintiffs request that this Court declare the withholding to be an unconstitutional "item veto" [1] and to or-

der the impounded funds released to the Department of Housing and Urban Development (HUD).

Defendants have responded by filing a motion to dismiss the action. The motion is based on Federal Rules of Civil Procedure Rule 12(b) (1)—lack of jurisdiction of the subject matter and Rule 12(b) (6)—failure to state a claim upon which relief can be granted. The contention that the court lacks subject matter jurisdiction is made on three grounds: 1) this action is a suit against the United States to which it has not consented; 2) the constitutionality of the impoundment of funds appropriated by Congress is a non-justiciable, "political question"; and 3) the plaintiffs lack standing to challenge the legality of the impoundment. The contention that the complaint fails to state a claim for relief is based on the non-mandatory language of the law appropriating funds. Defendants argue that the appropriated amount is merely a spending ceiling and that there is no obligation on the executive to spend the full appropriation.

## DISCUSSION

Under the general rule where the remedy sought necessitates the expending of the public treasury, the suit is considered to be against the sovereign. The Court believes that it is clear that this is such a case. Such a suit usually requires a statutory relinquishment of sovereign immunity in order for the court to have jurisdiction. See Dugan v. Rank, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963) and Hawaii v. Gordon, 373 U.S. 57, 83 S.Ct. 1052, 10 L.Ed.2d 191 (1963).

None of the statutes relied on by plaintiffs constitute a waiver of sovereign immunity. Section 1331 of Title 28 U.S.C. is a grant of federal question jurisdiction in private actions to the District Courts, not a waiver of sovereign immunity. Anderson v. United States, 229 F.2d 675 (5th Cir. 1956).

[1]. The term "item veto" comes from the plaintiffs' complaint and is being used to characterize the alleged excess of executive discretion complained of.

Nor does section 1361 of Title 28 constitute a waiver of sovereign immunity. White v. Administrator of General Services Administration, 343 F.2d 444 (9th Cir. 1965). The declaratory judgment act, 28 U.S.C. § 2201–2202, requires independent jurisdiction and does not constitute a waiver of sovereign immunity. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950). However, the Supreme Court has delineated two exceptions to the rule of sovereign immunity: 1) Action by an officer in excess of his statutory power is considered not to be sovereign action; and 2) action by an officer within the officer's scope of authority but exercised in an unconstitutional manner or pursuant to an unconstitutional power is not sovereign action. Larson v. Domestic and Foreign Commerce Corp., 337 U.S. 682, 689, 690, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949).

■ Plaintiffs allege that the impoundment of the funds in issue is without statutory authority, and that defendants are acting in an unconstitutional manner. The Court finds that these allegations are unsupportable by the facts of this case.

Public Law 91–609 in part constituted the appropriation of $150,000,000 for urban renewal projects. The appropriation was in the form of an amendment to the Housing Act of 1937, Title 42 U.S.C. § 1401 et seq. Upon examining Public Law 91–609 and the Housing Act of 1937 as amended, the Court does not find language which would require the executive to spend the designated funds. Section 1453(b) sets a maximum amount of grants which the Secretary of HUD may make with the approval of the President. And Section 1401 which describes the policy behind this Act includes no mandate for HUD to use the full amount of authorized funds. Upon reading the Act and the Report of the Hearings of March 3 and 4, 1971, before the Senate Subcommittee on Housing and Urban Affairs dealing with this impounding of funds, the Court finds that the executive is expected to make economies when possible in this legislatively created program. Given the non-mandatory language of this statutory scheme the Court finds that the plaintiffs cannot show that the executive exceeded his statutory discretion in not spending all the appropriated funds.

■ Plaintiffs have also argued that by impounding part of the funds appropriated by Congress and signed into law by the President, that the President has made an unconstitutional item veto. The Court has already noted the discretionary nature of the legislation and appropriation here in issue. It appears to the Court that the plaintiffs are asking for a determination of when the executive's use of his admitted discretion (see Subcommittee Report above) goes too far and becomes an abusive item veto. Although there may be such a point, the Court finds itself unable to decide such an issue.

The issue as presented is one without justiciable standards or guidelines. Although the issue is identifiable there are no means by which the Court can determine when or whether a breach of executive duty has occurred. Given the legislature's intention of allowing spending discretion in the executive, it would appear to be left to the legislature to decide when such discretion is abused. The legislature appears to have created much of the executive's discretion to withhold funds and would also appear to be able to limit that discretion if it so desired. Whatever the legislature's intentions were, the Court finds itself in the position of adjudicating a dispute where it has no standards for determining which side is correct.

The Supreme Court in Baker v. Carr, 369 U.S. 186, 217, 82 S.Ct. 691, 7 L.Ed. 2d 663 (1962), reviewed previous decisions involving political questions. It found that the lack of judicially discoverable and manageable standards, when inextricable from the case, had been a basis for dismissal as a political question. The Court finds itself in such

a position in this problem of the working relationship between the executive and Congress. Accordingly, the Court has no jurisdiction to consider such a claim because it is a political question. See Baker v. Carr, supra, and Powell v. McCormack, 395 U.S. 486, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

## CONCLUSION

The Court finds that the motion to dismiss must be granted. The non-mandatory language of the appropriations law precludes plaintiffs' showing that the executive has exceeded his statutory authority in withholding funds. And the general absence of judicial standards for deciding at what point the executive's use of his discretion becomes an abuse of that discretion creates a non-justiciable political question.

Accordingly, it is ordered that defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b) (1) and 12(b) (6) be, and the same is hereby granted, and the action is hereby dismissed.