**PAUL A. JAMES, Plaintiff**

**v.**

**MYLES J. AMBROSE, Commissioner of Customs; JAMES H. STOVER, Regional Director of Customs; LUIS A. DIAZ, Port Director of Customs and JOSEPH SAMUEL, Ass't. Port Director of Customs, Defendants**

Civil No. 337-1971

District Court of the Virgin Islands

Div. of St. Croix

December 27, 1973

ALBERT A. SHEEN, ESQ. (HODGE, SHEEN & FINCH), Christiansted, St. Croix, V.I., *for plaintiff*

JOEL D. SACKS, U.S. Attorney, Virgin Islands District, Charlotte Amalie, St. Thomas, V.I., and PETER HERRICK, Miami, Florida, *for defendants*

GREEN, *District Judge*[1]

## MEMORANDUM AND ORDER

This is a civil action commenced by plaintiff, Paul A. James, a permanent resident of St. Croix, United States Virgin Islands, who seeks reinstatement to his former position as a custom inspector in the United States Customs Service. Plaintiff has named as defendants, Myles J. Ambrose, then Commissioner of Customs; James A. Stover, former Regional Director of Customs, Miami, Florida; Luis A. Diaz, Port Director of Customs, St. Thomas, Virgin Islands; and Joseph Samuels, Assistant Port Director of Customs, Christiansted, St. Croix, Virgin Islands.

From the pleadings the Court has elicited the following facts which are undisputed. Plaintiff was employed by the United States Bureau of Customs as a customs inspector, in Christiansted, St. Croix, United States Virgin Islands from 1951 until he was discharged from his employment on June 24, 1961, as a result of the following charges previously filed:

---

[1] Clifford Scott Green, United States District Judge for the Eastern District of Pennsylvania, was assigned to serve temporarily as a Judge of the District Court of the Virgin Islands to hear and dispose of all pending matters in this action.

(a) Making false claims for overtime services.

(b) Creating disturbances among fellow employees, which adversely affected maintenance of proper discipline.

(c) Unsatisfactory performance of assigned duty.

(d) Making false, misleading or malicious statements which slander or defame officials, supervisors or employees.

Plaintiff had been advised of his right to answer the charges and the time period in which to file his answer. After several extensions of time were given to the plaintiff to file an answer to the charges, plaintiff filed such answer through an attorney to the Collector of Customs, Virgin Islands, in a letter dated May 9, 1961.

In a letter dated June 5, 1961, the Collector of Customs, Virgin Islands, notified the plaintiff that his removal would become effective on June 24, 1961, on the basis of the charges made against him. Plaintiff was notified that he could appeal the decision to the Director of Personnel, United States Treasury Department, within a certain time period. Plaintiff was also informed that he could appeal the decision to the Civil Service Commission.

In a letter of June 30, 1961, the plaintiff was notified by the Civil Service Commission representative for Puerto Rico and the Virgin Islands that his appeal to the Civil Service Commission was denied and that he could then appeal to the Board of Appeals and Review within a certain period of time. A year later, the Civil Service Commission informed plaintiff that he had no further appeal rights because he had not timely filed his appeal. The Director of Personnel, United States Treasury Department, notified plaintiff in February, 1962, that his discharge had been sustained, and further informed plaintiff on March 26, 1962, that all administrative remedies to the Treasury Department and to Civil Service Commission had been exhausted.

The thrust of plaintiff's complaint is that his discharge from his position as a custom inspector was "arbitrary . . . and not solely for the good of the Civil Service Commission."

Plaintiff further complains that he was denied due process of law because his "appeal was summarily denied and dismissed without there ever having been a hearing on the merits" of his discharge. Accordingly, plaintiff seeks a declaration as to rights, duties, status and other legal relations between himself and defendants arising out of the allegations in his complaint. Plaintiff further requests an injunction compelling defendants to allow him a hearing on the merits regarding his discharge, and to restore him to his former position.

Presently before the Court is defendants' motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. In support of their motion, defendants advance the following grounds:

1. The Court lacks jurisdiction over the subject matter for the reason that the defendants are officers of the United States of America and this suit is in substance an action against the United States of America which has not consented to be sued or waived its immunity.

2. The Court lacks jurisdiction over the subject matter in that there is no authority to issue a declaratory judgment and injunctive relief sought.

3. The complaint fails to state a claim against defendants upon which relief can be granted, in that it appears on the face of the complaint that the right of action set forth did not accrue within six years prior to the filing of the complaint and is therefore barred by the statute of limitations contained in 28 U.S.C. § 2401.

4. The complaint fails to state a claim against defendants upon which relief can be granted in that it appears

on the face of the complaint that the claim, if any, is barred by the laches and delay of plaintiff.

▮▮▮▮ Plaintiff alleges that this Court has subject matter jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure. No other statutes are cited by the plaintiff as a basis for this Court's jurisdiction. However, it is clear that the aforesaid statutes, cited and relied upon by the plaintiff, do not themselves confer subject matter jurisdiction; these statutes are procedural and only provide for remedies which this Court may give in actions otherwise within its jurisdiction. Jarrett v. Resor, 426 F.2d 213, 216 (9th Cir. 1970); Ragoni v. United States, 424 F.2d 261, 264 (3rd Cir. 1970); Langston v. United States Attorney General, 293 F.2d 316, 317 (3rd Cir. 1961); Benson v. State Board of Parole and Probation, 384 F.2d 238, 239 (9th Cir. 1967).

▮▮▮▮ Although plaintiff has not expressly cited a valid jurisdictional statute as a basis for his complaint,[2] we construe his complaint as alleging the mandamus provisions of 28 U.S.C. § 1361. See Haines v. United States, 453 F.2d 233 (3rd Cir. 1971); Schillinger v. United States Department of Justice, F.B.I., 259 F.Supp. 29 (M.D. Pa. 1966). Under 28 U.S.C. § 1361, a District Court has original jurisdiction of any action in the nature of mandamus against government officials of the United States or any agency thereof only with respect to the performance

---

[2] Under the facts and circumstances of this case, we interpret Rule 8(a)(1) of the Federal Rules of Civil Procedure as requiring that a pleading setting forth a claim for relief contain a short and plain statement of the grounds upon which the Court's jurisdiction depends. If there is a statement in the complaint sufficient to give the court jurisdiction, the particular statute conferring jurisdiction need not be specifically pleaded. Williams v. United States, 405 F.2d 951, 954 (9th Cir. 1969); Chasis v. Progress Manufacturing Company, 382 F.2d 773, 776 (3rd Cir. 1967); Sikora v. Brenner, 126 U.S. App. D.C. 357, 379 F.2d 134, 136 (1967); Paynes v. Lee, 377 F.2d 61, 63 (5th Cir. 1967); Ivey v. Frost, 346 F.2d 115 (8th Cir. 1965); Eidschun v. Pierce, 335 F.Supp. 603, 615 (S.D. Iowa 1971); Uhler v. Commonwealth of Pennsylvania, 321 F.Supp. 490, 491 (E.D. Pa. 1970).

or nonperformance by those officials of ministerial or non-discretionary duties. However, the District Court does not have authority to control or hamper the exercise of discretion vested in an officer or governmental agency. United States v. Wilbur, 283 U.S. 414, 51 S.Ct. 502, 75 L.Ed. 1148 (1931); Mollohan v. Gray, 413 F.2d 349 (9th Cir. 1969); Szmodis v. Romney, 307 F.Supp. 607 (E.D. Pa. 1969); Murray v. Vaughn, 300 F.Supp. 688 (D.R.I. 1969); Smith v. United States Air Force, 280 F.Supp. 478 (E.D. Pa. 1968); Armstrong v. United States, 233 F.Supp. 188 (S.D. Cal. 1964), aff'd 354 F.2d 648 (9th Cir. 1965), cert. denied, 384 U.S. 964, 86 S.Ct. 1472, 16 L.Ed.2d 543 (1966).

■ In the instant case, plaintiff seeks to have this Court compel defendants to reinstate him to his former position. Defendants assert that the removal or reinstatement of plaintiff as an employee of the United States Government, after his removal, is discretionary and that this Court is without power to issue a writ of mandamus. We believe that, under the facts and circumstances of the instant case, the question of discharging or retaining plaintiff in his former employment was a matter of discretion. No statute was violated in discharging him. There was no breach of any duty required to be performed by defendants. Bowen v. Culotta, 294 F.Supp. 183, 186 (E.D. Vir. 1968); See Wilbur v. United States, 281 U.S. 206, 50 S.Ct. 320, 74 L.Ed. 809 (1930); Mitchell v. McNamara, 122 U.S. App. D.C. 224, 352 F.2d 700 (1965); Armstrong v. United States, supra. Plaintiff further requests that this Court compel defendants to allow him a hearing. There is no contention by plaintiff that defendants failed to comply with their statutory or regulatory obligations. Moreover, we note that at the time of plaintiff's dismissal in 1961, there were in force certain provisions in Title 5 of the Rules and Regulations, relating to procedures for

taking adverse actions against employees and procedures for Commission action on appeal. More specifically, Section 9.202(2), 26 Fed. Reg. 182 (1961), provided as follows:

"(2) Employee's answer. The employee shall be allowed a reasonable time for filing a written answer to the notice of proposed adverse action and for furnishing affidavits in support of his answer. *The employing agency may, in its discretion,* grant the employee a hearing. If the employee answers the notice, his answer shall be considered by the agency in reaching its decision on the proposed adverse action." (Emphasis added.)

We note further that Section 9.303(c), 26 Fed. Reg. 182 (1961), provided as follows:

"(c) Hearing. The Commission office which is adjudicating the initial appeal *may, in its discretion,* hold a hearing. (Emphasis added.)

The aforementioned rules and regulations clearly established that there was no duty imposed on the United States Customs Service, the employing service, or the Civil Service Commission, on appeal, to afford plaintiff a hearing under the circumstances alleged in plaintiff's complaint. Because of the absence of a ministerial, plainly defined and peremptory duty owing to plaintiff on the part of the defendants and the absence of any violation by defendants of applicable statutes or regulations, jurisdiction does not exist under § 1361. See Wilbur v. United States, supra; Prairie Band of Pottawatomie Tribe of Indians v. Udall, 355 F.2d 364 (10th Cir. 1966) cert. denied, 385 U.S. 831 (1966); Bowen v. Culotta, supra.

It might be suggested that plaintiff's complaint conceivably can be construed as alleging the provisions of Section 22 of the Revised Organic Act of the Virgin Islands, 48 U.S.C. § 1612, which states that

"[t]he District Court of the Virgin Islands shall have the jurisdiction of a district court of the United States in all causes arising

333

under the Constitution, treaties and laws of the United States, regardless of the sum or value of the matter in controversy. . .".

As an objection to this Court's jurisdiction, defendants have contended that the instant action is, in substance and effect a suit against the United States over which this Court lacks jurisdiction because of the absence of consent to be sued. We agree.

 Section 1612 of Title 48, U.S.C., is a grant of federal question jurisdiction in cases arising under the Constitution and laws of the United States and not a waiver of sovereign immunity. Moreover, we note that section 1361 of Title 28, U.S.C., does not constitute a waiver of sovereign immunity. See White v. Administrator of General Services Administration, 343 F.2d 444 (9th Cir. 1965); Smith v. United States, 333 F.2d 70 (10th Cir. 1964).[3]

 What is in reality a suit against the United States cannot be brought within either of these sections by merely denominating it as an action against federal officers. The test of whether this action is against the named federal officers individually or against the United States is whether by obtaining relief against the aforesaid officers, relief will not, in effect, be obtained against the United States. See Larson v. Domestic and Foreign Commerce Corporation, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 628 (1949). In Dugan v. Rank, 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963), the Supreme Court indicated that

"[t]he general rule is that a suit is against the sovereign if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, . . . or if the ef-

___

[3] The Declaratory Judgment Act, which plaintiff relies on exclusively as a basis for jurisdiction, requires independent jurisdiction and does not constitute a waiver of sovereign immunity. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); Housing Auth., San Francisco v. United States Dept., H.U.D., 340 F.Supp. 654 (N.D. Cal. 1972).

fect of the judgment would be' to restrain the Government from acting, or to compel it to act."

Based on those standards, this action qualifies as a suit against the sovereign since the defendants are officers and/or employees of the United States Government, and since the action will interfere with the public administration of the Government and would compel it to act.

The Court is of the opinion that the averments of plaintiff's complaint are insufficient and insubstantial to bring the case within any recognized exception within the doctrine of sovereign immunity. See Dugan v. Rank, supra; Malone v. Bowdoin, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962); Larson v. Domestic and Foreign Commerce Corporation, supra. Plaintiff has not made an affirmative allegation of any relevant statutory limitation upon any of the defendants' power or that a government official has exceeded his statutory authority. Therefore, the action is barred.

Even assuming that the doctrine of sovereign immunity is not a bar to this action,[4] we would nevertheless have to dismiss plaintiff's complaint for reasons hereinafter set forth.

 Plaintiff's action is subject to dismissal by virtue of 28 U.S.C. § 2401(a), which provides in relevant part as follows:

---

[4] This Court would not have jurisdiction under the Tucker Act, 28 U.S.C. § 1346(a)(2), pursuant to which the United States has waived its immunity from suit. The Tucker Act does not confer jurisdiction of a suit against the government, where, as in the instant action, only declaratory and other equitable relief is sought. The consent of the United States to be sued under the Tucker Act is limited to suits for recovery of a money judgment. Richardson v. Morris, 409 U.S. 464, 93 S.Ct. 629 (1973); Blanc v. United States, 244 F.2d 708 (2nd Cir. 1957); R.E.D.M. Corporation v. Lo Secco, 291 F.Supp. 53 (S.D.N.Y. 1968); Farmer v. Hooks, 194 F.Supp. 1 (E.D. Ken. 1961). Plaintiff makes no claim here for money damages. Even assuming plaintiff's complaint was amended and requested monetary damages, plaintiff's action would be subject to dismissal by virtue of 28 U.S.C. § 2401(a) which applies to Tucker Act claims. See United States v. One 1961 Red Chevrolet Impala Sedan, 457 F.2d 1353 (5th Cir. 1972); Gallion v. United States, 389 F.2d 522 (5th Cir. 1968).

"Every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. . . ."

The right of action of plaintiff first accrued when plaintiff's removal became effective on June 24, 1961. Mathis v. Laird, 324 F.Supp. 885 (M.D. Fla. 1971), aff'd 457 F.2d 926 (5th Cir. 1972). However, plaintiff did not commence this action until August 31, 1971. It affirmatively appears that plaintiff's action is not within the six year period required by Section 2401(a) of Title 28, and therefore his complaint is insufficient on its face.[5] Munro v. United States, 303 U.S. 36, 58 S.Ct. 421, 82 L.Ed. 633 (1938); Christian Beacon v. United States, 322 F.2d 512 (3rd Cir. 1963); Huntington Steel Corp. v. United States, 153 F.Supp. 920 (S.D.N.Y. 1957).

 A final basis for dismissing this action is that plaintiff's claim is barred by laches and delay. Before filing this action, plaintiff has waited more than 10 years from the effective time of his discharge and 9 years from the time the Civil Service Commission's Regional Office informed him that his appeal rights were terminated. See Nicholas v. United States, 257 U.S. 71, 42 S.Ct. 7, 66 L.Ed. 133 (1921); United States ex rel. Arant v. Lane, 249 U.S. 367, 39 S.Ct. 293, 63 L.Ed. 650 (1919); Brown v. United States, 418 F.2d 442 (5th Cir. 1969). Moreover it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed. 80 (1957); Cook v. Nichol, Inc. v. The Plimsoll Club, 451 F.2d 505 (5th Cir. 1968); Schaedler v. Reading Eagle Publication, Inc., 370 F.2d 795 (3rd Cir. 1967); Staff v.

---

[5] Even if we were to agree with plaintiff that his right of action did not accrue until an executive tribunal had finally acted on his claim we would nevertheless be compelled to conclude that this action is barred since this action was instituted more than six years after plaintiff was notified by the United States Department of Treasury that all his administrative remedies had been exhausted.

336

Parks, 345 F.Supp. 795 (D. Md. 1972).

For reasons set forth herein, we dismiss plaintiff's complaint.