**James W. MULVANEY, Plaintiff,**

**v.**

**John C. STETSON, Secretary of the Air Force, et al., Defendants.**

**No. 78 C 3019.**

United States District Court, N. D. Illinois, E. D.

Feb. 13, 1981.

James W. Mulvaney, pro se.

Thomas P. Sullivan, U. S. Atty., Mary S. Rigdon, Asst. U. S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM ORDER

MARSHALL, District Judge.

Plaintiff James W. Mulvaney appearing *pro se* requests that we take contempt of court action or other appropriate sanctions against defendants for their failure to take any action in accord with the decision we rendered on July 10, 1980, 493 F.Supp. 1218. The federal defendants have responded that the order was transmitted to the legal staff of the Air Force, but because of personnel changes and transfers from that office, the order was not immediately forwarded to the Office of the Air Force Board for Correction of Military Records. We are advised that the Executive Secretary has now contacted plaintiff by letter advising plaintiff of his right to submit a renewed application containing any additional matters he may wish to have considered. The defendants have submitted a letter under date of January 26, 1981 stating that the Board is "preparing to reconsider your 1975 application on its own motion [sic] based on the Memorandum Decision and Order of the Court." Plaintiff has been provided with an application for consideration of his matter. He has been told that he "apparently [was] unaware that a new application was expected."

James W. Mulvaney has been endeavoring to clear his name for almost thirty-five years. His effort began in 1946.

He has appeared *pro se*. Of all of the *pro se* litigants who have appeared before us none has been more responsible than Mr. Mulvaney. Indeed, his response to the judicial process has demonstrated greater understanding of it than that shown by a high percentage of the lawyers who appear before us. He has submitted his contentions in a careful, articulate manner. He has accepted certain losses with grace. He has caused no delay in the process.

Now he is told after achieving a notable victory against defendants that his case was lost in the shuffle of personnel changes and so forth. Having achieved a victory he is told that he should have asked for reconsideration. And we are now told that it will take the Board "some time . . . to read and analyze the 628-page Military Personnel Record which was so laboriously reconstructed during the course of this litigation." And we are also told that the Board now handles over 5,000 applications per year and "therefore, it is not possible to estimate the amount of time which will be necessary to complete the reconsideration process."

We have analyzed the 628-page Military Personnel Record. We have told the Board what is in that record. We spoke advisedly when we said on July 10, 1980, "We are confident that the Board will reach a different result after reviewing the totality of

the present record." At that point we dropped a footnote in which we said, "As we indicated earlier, it is unclear whether the Correction Board gave any credence to the plaintiff's allegations regarding the scheme Lindstrum coerced plaintiff into accepting. In light of our review of the present record, such a position by the Board upon rehearing would clearly be untenable."

The Board does not have before it many cases involving a man like Mr. Mulvaney who has been trying for thirty-five years to clear his name. Nor does it have more than a handful of cases involving persons like Mr. Mulvaney who when thwarted in their efforts successfully litigated the question in the United States District Court. Historians may be interested in Benedict Arnold, whose case, we are told, the Board is considering. We are interested in James W. Mulvaney. He lives. He seeks justice. And we intend to see that he obtains it before he becomes a footnote in history.

The defendants are ordered to reconsider and decide the application of James W. Mulvaney within 120 days.