James W. MULVANEY, Plaintiff,

v.

John C. STETSON, Secretary of the Air Force, et al., Defendants.

No. 78 C 3019.

United States District Court,
N. D. Illinois, E. D.

Aug. 12, 1982.

See also D.C., 493 F.Supp. 1218.

James W. Mulvaney, pro se.

Mary S. Rigdon, Asst. U. S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION

PRENTICE H. MARSHALL, District Judge:

Once again, plaintiff, James W. Mulvaney, appears before us in his continuing effort to clear his name and correct an injustice which he suffered thirty-seven years ago. Since 1945, when plaintiff was given an undesirable discharge from the United States Army Air Force, he has sought by various means to have his discharge upgraded and his records corrected to remove the suggestion that he was discharged because of emotional unfitness for service. We have reviewed the facts in detail and written in this case on three separate occasions. *See Mulvaney v. Stetson,* 470 F.Supp. 725 (N.D.Ill.1979), *supplemented,* 493 F.Supp. 1218 (N.D.Ill.1980), *supplemented,* 512 F.Supp. 574 (N.D.Ill. 1981).

In our initial opinion in this case we held that the decision of the Air Force Board for the Corrections of Military Records ("AFBCMR") was reviewable under the federal mandamus statute, 28 U.S.C. § 1361 (1976), *see* 470 F.Supp. at 730, and, after a full review of the file before the AFBCMR, and plaintiff's Master Personnel Records ("MPR") (many of which had not been before the AFBCMR), we concluded that, based upon the record submitted to us, a decision to deny plaintiff an upgrade to an honorable discharge would be arbitrary and capricious. However, because it was not clear whether the AFBCMR had the complete record before them when rendering their decision, we remanded the case for further proceedings not inconsistent with our opinion. *See* 493 F.Supp. at 1225. We reiterated that conclusion a second time in response to a motion to hold the Secretary of the Air Force in contempt for the Air Force's prolonged failure to act on the remand. *See* 512 F.Supp. at 575.

Plaintiff, proceeding *pro se*, as he has from the outset of this litigation, is now before us on what he characterizes as a motion for summary judgment. The characterization is inapt because plaintiff has already prevailed before this court; the problem is that the defendant refuses to acknowledge that fact. In essence plaintiff seeks to compel the AFBCMR to comply with the orders of this court.

■ Plaintiff's frustration, exhibited in his submissions to the court, is easily understandable. Having lost in this court defendant, rather than appealing the adverse judgment, decided to disregard the spirit, if not the letter, of our decisions. Defendant recognizes that the decision of July 10, 1980, granting the petition for mandamus and ordering the defendant to reconsider its decision on plaintiff's discharge status was a final order. In fact, defendant argues that this case is now "moot" because that order was a final judgment from which plaintiff did not appeal. *See* Memorandum of Federal Defendant in Response to Motion for Summary Judgment at 2. But plaintiff, having won here, had no reason to appeal. He most likely expected that the judgment entered would be enforced on remand. It is enforcement of that judgment which, *inter alia*, plaintiff now seeks. This court retains jurisdiction to determine if the mandate of prior decisions has been enforced. *See Dilley v. Alexander*, 627 F.2d 407 (D.C.Cir. 1980); *Miller v. Claytor*, 466 F.Supp. 938, 943 (N.D.Cal.1979).

In the third of our opinions in this case we wrote:

> We have analyzed the 628-page Military Personnel record. We have told the Board what is in that record. We spoke advisedly when we said on July 10, 1980, "[w]e are confident that the Board will reach a different result after reviewing the totality of the present record." At that point we dropped a footnote in which we said, "As we indicated earlier, it is unclear whether the Corrections Board gave any credence to the plaintiff's allegations regarding the scheme Lindstrum coerced plaintiff into accepting. In light of our review of the present record, such a position by the Board upon rehearing would clearly be untenable."

*Mulvaney v. Stetson*, 512 F.Supp. 575–76. In response to the grant of mandamus on remand the Judge Advocate's ("JA") staff recommendation states: "Regarding the Court's strongly worded memorandum decision of 10 July 1980, I can only conclude it was suggesting that, upon reviewing the facts of this case, a decision by the

AFBCMR to upgrade the applicant's discharge to an honorable discharge would be warranted. Though the court had authority to direct a course of action to be followed by the AFBCMR, *i.e.*, review its. previous decision, the Court does not have requisite authority to direct the AFBCMR to arrive at a particular decision, *i.e.*, award a certain type of discharge certificate ... Thus the Court's remanding this case to the AFBCMR for reconsideration is entirely proper. However, to the extent that the Court's mandate directs any particular finding or recommendation by the BCMR, we believe that mandate exceeds the Court's authority." Plaintiff's Motion for Summary Judgment, Ex. 1 at 4–5.

If the mandate issued in this case exceeded our authority, the process for obtaining relief therefrom would be by appeal. Defendant did not appeal· and therefore on remand it was bound by the judgment of this court. Moreover, the statement concerning the scope of the court's authority under mandamus jurisdiction is incorrect. Since the leading opinion of the First Circuit in *Ashe v. McNamara*, 355 F.2d 277 (1st Cir. 1965), it has been settled that § 1361 provides the district court with authority to review decisions of the Corrections Board made pursuant to 10 U.S.C. § 1552 to determine if the ruling is arbitrary and capricious and amounts to a clear abuse of discretion. *See Mulvaney v. Stetson*, 470 F.Supp. at 730 (and cases cited therein); *see also Neal v. Secretary of the Navy*, 639 F.2d 1029 (3d Cir. 1981); *Dilley v. Alexander*, 627 F.2d 407 (D.C.Cir.1980). Even the lone district court case cited by the JA's staff recognized the court's power to reverse an arbitrary and capricious judgment by the Corrections Board, but held that on the merits none had been shown. *See Smith v. United States Air Force*, 280 F.Supp. 478 (E.D.Pa.1968).

Our review of the record in this case is contained in a prior opinion. *See Mulvaney v. Stetson*, 493 F.Supp. at 1219–24. Suffice it to say that the interpretation of the record which we found untenable and without evidentiary foundation in 1980 is no

more tenable two years later. As the court pointed out in *Dilley*, "although the district court remanded to the Secretary for implementation of relief, this relief must follow our opinion . . ." 627 F.2d at 413.

The recommendation of the JA's staff contradicts the findings of this court on almost every issue of fact and application of the law. *See generally* Plaintiff's Ex. 1. The Board quoted the recommendations in full (along with plaintiff's objections to it) and made no independent findings. *See* Plaintiff's Ex. 6 at 28. We note in particular that in the prior proceedings before this court defendant raised the issue of equitable estoppel against the plaintiff for his alleged "participation" in submitting false evidence to the Board in 1945 and the defense that even if plaintiff's dishonorable discharge was based on impermissible reasons when issued, there existed in 1945 valid reasons which could have been relied on by the Army but were not. We held that estoppel would not lie against a serviceman whose actions were coerced by a superior officer and that the Air Force could not now, over thirty years later, correct a discharge based on improper grounds by asserting some different ground. *See* 493 F.Supp. at 1224–25. On remand the JA's staff recommendation and the BCMR's recommendation proceed on the assumption that both these arguments were available to justify plaintiff's discharge. *See* Plaintiff's Ex. 1 at 8–9, 10–14; *id.*, Ex. 6 at 18–20, 21–25.

Despite its failure to abide the rulings of the court on questions of both fact and law, the BCMR did upgrade plaintiff's discharge to honorable. The reasons for its action are not readily apparent given the factual findings which the Board appears to adopt, but the Board concluded:

> We find sufficient evidence of record to conclude that some form of discharge action by the Military Service in 1945 was warranted and was supported by the actions of the applicant. With regard to the BCMR action in 1975, we find their decision . . . to be correct and proper. However, this Board is of the opinion

that the 1975 action did not go far enough. In our judgment, applicant's discharge should be upgraded to honorable and we so recommend.

Plaintiff's Ex. 6 at 28.

 Plaintiff does not, of course, protest the upgrade of his discharge to honorable, but rather the rationale asserted by the Board and the "separation authority" and "narrative reasons for separation" contained on the discharge certificate issued pursuant to the Board's order. The order issued by the Assistant Secretary simply states:

> The pertinent military records of the Department of the Air Force, relating to JAMES W. MULVANEY . . . be corrected to show that:
>
> a. On 3 July 1945, he was honorably discharged and furnished an Honorable Discharge certificate.

Plaintiff's Ex. 6 at 1, 2. The order to correct plaintiff's records made no mention of the code to be entered in the box on the discharge certificate marked "separation authority" nor did it give any "narrative reasons for separation". Because no instructions were given the personnel who filled out plaintiff's forms, they simply included the very same code and reasons as plaintiff was given in 1945 with absolutely no change or correction—plaintiff's papers still list his code "AR615–368" and the reason as, *inter alia*, misconduct. The government, perhaps recognizing that the information contained on plaintiff's discharge certificate is inconsistent with the upgrading of his discharge, defends the certificate on the grounds that no one has access to the copies containing this information and it is not contained in the copy tendered to plaintiff. *See* Supplemental Response of Federal Defendant (Feb. 19, 1982). We are unimpressed by this argument; the plaintiff knows the erroneous information is there and, having succeeded in obtaining an upgrade of his discharge, he is entitled to have it removed. The inclusion of erroneous information on plaintiff's discharge papers is a classic ministerial mistake subject to our mandamus power. Mandamus jurisdiction

includes the power to order that records be corrected to reflect accurately the status of plaintiff's discharge. *See Dilley v. Alexander*, 627 F.2d at 413. The current discharge certificate issued to plaintiff is contrary to the findings of this court and, perhaps more importantly, inconsistent with the corrections ordered by the Assistant Secretary of the Air Force. Accordingly, must as we regret the need, this case must once again be remanded to the BCMR this time with specific directions to issue plaintiff a discharge certificate (DD 214) without any reference to the reasons for discharge contained in plaintiff's current discharge certificate.[1] Defendants are further ordered, if they have not already done so, to furnish plaintiff with a DD Form 256AF, Honorable Discharge. *See* 32 C.F.R. § 888h.0(e) (1981).[2]

■■■ Finally, plaintiff seeks damages and backpay arising out of his wrongful discharge. As we indicated in the first opinion in this case, such claims are within the exclusive jurisdiction of the Court of Claims and, in any event, are now barred by the statute of limitations. *See Mulvaney v. Stetson*, 470 F.Supp. at 731. Plaintiff argues that there is authority for awarding backpay as a part of a make-whole remedy. *See Dilley*, 627 F.2d 413–415. Assuming arguendo that such is the case, we do not believe an award of backpay is appropriate in this case. Plaintiff did not request backpay in his original complaint. Now, after he has received all of the relief he sought, it is too late to amend his prayer for relief. We entertain the instant motion as one to enforce our prior order and no part of that order required the Air Force to make any monetary award.

Moreover, our review in this case has from the outset been of the 1975 action by the Board in refusing to upgrade plaintiff's discharge to honorable pursuant to the evidence then available. *See id.* at 729–31. Our review of the events in 1945 was required as part of that analysis, but our findings relate only to the Board action in refusing to correct plaintiff's discharge status, not the original action in 1945. The correction required does not include any element of backpay. Accordingly, plaintiff's request for damages and backpay is denied. Cause is remanded for proceedings not inconsistent with this opinion.

---

1. Plaintiff's motion also contains a broadly worded request for "expungement" of his records. Insofar as that request entails more than the correction of his discharge papers which we now order, the request is denied. We agree with plaintiff that much of what is contained in the review of his files by the JA's staff is incorrect and unsupportable. But we do not believe that, so long as the proper resolution of his claim is arrived at, it would be appropriate to order.the Air Force to discard any portion of plaintiff's files.

2. If on remand the BCMR cannot arrive at a separation code or narrative reason which fits plaintiff's case, we suggest that boxes 25 and 28 simply be marked "not applicable" or "not available". *See* 32 C.F.R. § 888h.10.